UNITED STATES FIDELITY & GUARANTY CO. *v.* STATE TO
USE OF HARDY.

[83 South. 610, In Banc. No. 20954.]

INTOXICATING LIQUORS. *Damages allowed for mental suffering caused by illegal search and seizure.*

Where plaintiff when alighting from a train, intrusted her suit case to a transfer man and just after alighting, the city marshal searched the suit case for alcoholic liquors supposed to belong to the transfer man over his protest and without a search-warrant, in such case the defendant marshal was violating Constitution 1890, section 23, relating to unreasonable search and seizure and since he was presumed to know the law, his act was a willful wrong and mental suffering was a proper element of damages.

APPEAL from the circuit court of Copiah county.
HON. D. M. MILLER, Judge.

Suit by the state of Mississippi for the use Mrs. Lola D. Hardy against the United States Fidelity & Guaranty Company and another. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*H. J. Wilson,* for appellant.

Appellants agree with counsel for appellee that damages for mental pain and suffering are actual damages, as so ably contended in their brief, but earnestly insist that such damages even though actual, are sot recoverable where disconnected from physical pain and suffering and not result of a wilful wrong, again calling attention of the court to the authorities on this point cited in our first brief.

The greater part of appellee's brief is taken up in an effort to convince this honorable court that Furr

acted wilfully and maliciously in searching Mrs. Hardy's suit case. The contention of appellants was that the jury is the sole judge of whether or not Furr committed a wilful wrong. *Chicago, etc., R. R. Co.* v. *Scurr*, 5 Miss. 456; *Wilson* v. *Railroad Co.*, 63 Miss. 352.

It was certainly reversible error for the court below to determine this question and grant an instruction which, in effect, directed the jury to assess appellants with damages for all mental suffering sustained by the appellee, regardless of whether the same were the result of the defendant's acts, and regardless of whether or not Furr's act was willful.

The appellee was a young lady who broke down and cried before the jury while being cross-examined. While this is not in the record, we are sure that if the court will only read between the lines of Mrs. Hardy's cross-examination, it will be able to determine where the sobbing began and ended. Under such circumstances, it was easy for appellee to gain the sympathy of the jury and they would have been prone to grant her excessive damages under proper instructions and under an instruction directing them to return a verdict for damages for mental suffering without requiring them to determine whether such suffering was the result of a willful wrong, and the jury would have returned the same verdict that was returned here.

As a matter of fact, we do not think the court determined whether Furr committed a wilful wrong or not, but think the court granted this instruction through error in the law or some other mistake, for the testimony clearly shows that Furr thought he was only attempting to carry out his duty as marshal of the city of Wesson to protect the people from criminals and had no idea whatever that this suitcase belonged to Mrs. Hardy, or to anyone except Coker. Furr did not stop Coker on his own initiative, but was obeying instructions of the Mayor of the city of Wesson.

We submit that the whole testimony shows that Furr had no wrongful intentions whatever in searching this suit case, and that instead of intending to violate the law, he was attempting to perform his duty and prevent violations of law, and the testimony further shows that this was the version of this incident that was circulated in Wesson.

We submit that there is no contradiction in the testimony about Mr. Furr having acted wilfully. All the testimony, even that for the appellee, clearly shows that this was an honest mistake, and that the instruction given was erroneous on its face, for the court determines whether or not there is any evidence showing wilfulness. But even if the court thought there was a conflict in the evidence, this should have been submitted to the jury under proper instructions.

We call the attention of the court to a recently decided case of *Monette* v. *Toney,* 119 Miss. 846, which we think decides the question here involved favorably to appellants.

The instruction which the court below refused in that case and the supreme court held to be correct is very similar to instructions asked by appellant below and refused.

*M. S. McNeil* and *Roberts & Hallam,* for appellee.

It cannot be controverted that the peremptory instruction to find for the plaintiff given by the court below was eminently proper. The appellee's private and constitutional rights had been shamefully violated, and the defendants did not deny it, their only attempt being to minimize the enormity of the wrong. Where the wrong is not denied, but admitted, it is not only the right but the absolute duty of the court trying the case to peremptorily instruct for the party injured. We deem it unnecessary to cite authority.

The next proposition advanced by appellants is that damages for mental suffering are not recoverable under the facts. We have shown that the wrong committed was perpetrated without a search warrant or any sort of legal authority, and after notice given that the suit case belonged to a lady, as would be proved if Furr would only consent to wait a moment. But "clothed with a little brief authority" as he thought, Furr disregarded the warning and proceeded to search the suit case, and, even after having ocular evidence that the suit case belonged to a lady from the nature of the clothes it contained and without taking time to examine the outside of the case where he would have found the lady's name and address printed, proceeded ":to raise them (the clothes) up and felt over them and mashed on them." We say his act was wilful; but if not wilful, he was so grossly negligent in searching this suit case without investigating as to it ownership, and without heeding the warning and notice given him by the party in possession of it, as that his act evinced a reckless disregard of the' rights of the appellee to such an extent that it amounted to willfulness, and such is the law.

With this fact established, all of the cases cited by appellants, recognized the right of the appellee to recover damages for mental anguish as actual damages. The whole evidence and every part of it shows that the searching of the suit case in question manifested on the part of Furr a don't-give-a-darn-who-it-belongs-to spirit. If it had belonged to Coker, without a warrant and under protest as it was, the search would have constituted a wilful violation of the law and of his rights. And when Furr was told that it did not belong to him, but to a lady, the act constituted a wilful and contemptuous disregard of the rights of the person to whom it did belong, whoever that person might be. The appellant concedes that if the act was

wilful, damages for mental suffering are recoverable as compensation for the wrong.

"Damages for mental pain and suffering, shame or mortification. Surely these injuries were real ones, and compensation for these would have been an award for actual damages." *Hewlett* v. *Ragsdale,* 68 Miss. 710.

"Wounding of a man's feelings is as much actual damages as breaking his limbs. The difference is that the one is internal and the other external, one mental and the other physical; in either case the damage is not measurable with exactness. There can be a closer approximation in estimating the damage to a limb than to the feelings, but at the last, the amount is indefinite . . . At common law, compensatory damages include, upon principle, and I think upon authority, salve for wounded feelings. *Head* v. *G. P. Ry. Co.,* 79 Ga. 358, 360, 7 S. E. 217, 11 A. S. R. 434.

For wrongful search, mental anguish is recoverable as actual damages. Note to *Shall* v. *M. P. & S. Ry. Co.,* 50 L. R. A. (N. S.) 1151. Sec. 23 of the Mississippi constitution reads as follows: "The people shall be secure in their persons, houses and possessions from unreasonable search or seizure; and no warrant shall be issued without probable cause, supported by oath or affirmation, specially designating the place to be searched and the person or thing to be seized." As that mental anguish for a wilful violation of this constitutional provision under all the authorities is recoverable as actual damages.

Punitive and exemplary damages, even, are recoverable for any wilful disregard of the rights of another. *Telegraph Co.* v. *Watson,* 82 Miss. 102; *C. R. C. R. R.* v. *Scurr,* 59 Miss. 456; *V. & M. R. R. Co.* v. *Scanlan,* 63 Miss. 413; *M. & C. R. R. Co.* v. *Whitfield,* 44 Miss. 490, 491, 492; *W. U. T.Co.* v. *Teague,* 117 Miss. 401, 78 So. 610; *Dickerson* v. *W. U. T. Co.,* 74 So. 779.

Complaint is made because of the giving of the instruction on mental anguish to be found at the bottom of page 7 of the record on the further ground that the jury was not instructed that the mental suffering must have been the direct and proximate result of the unlawful search; but attention is not called to the fact that in the two instructions preceding this one on the same page of the record the jury were instructed that the damage must have been the result of the search of plaintiff's baggage. When these three instructions are read together, as they must be, it is obvious that there was no error committed by the court below in giving them. Omitting the first eight words in each of the last two instructions of page 7, the three instructions, when read together, are as follows:

"The court instructs the jury for the plaintiff, that the defendant acted without legal authority in searching the baggage of this plaintiff and is responsible to her for whatever damages she may have sustained as a result thereof; that it is the sworn duty of the jury to find for the plaintiff and assess her damages at whatever you may believe from the evidence she sustained as a result of the defendant seizing and searching her grip in the presence of other persons in the city of Wesson; that in assessing the damages in this case you may consider the mental pain, suffering, shame and mortification of the plaintiff, if you believe from the evidence she sustained any, in estimating her damages."

The effect of these three instructions as thus read together was this; that the jury should find for the plaintiff on the issue of liability, and should assess her damages, including damages for mental suffering if they believe from the evidence she suffered as a result of the unlawful search. There being no dispute about the fact that the unlawful search was done willfully, and in reckless disregard of the plaintiff's rights

Oct., 1919] U. S. Fid. & Guar. Co. *v.* State ex rel. 375

121 Miss.] Brief for appellee.

and of the law, there was nothing for the court to do but to instruct that the case was one justifying an award of damages for mental anguish but leaving the question as to whether she suffered any mental anguish and the amount of the award therefor, if they believe she did so suffer, to the determination of the jury. Speaking of unlawful arrests, in 2 Sutherland on Damages, (3 Ed.), 488, it is said:

"If an illegal arrest is made there may be a recovery for mental suffering, although neither fraud nor malice is shown." The same reasoning applies to an illegal search. Every person is presumed to know the law, and if he does an unlawful act, he is held to have acted willfully. Indulging this conclusive presumption that Furr knew the law and that he had no right to search without a warrant, he will be held to have acted willfully and in disregard of the law when he proceeded to search without warrant.

The last of appellant's objections is that the defendant was not responsible for rumors circulated by others than Furr in Wesson and Jackson that the appellee's suit case had been searched for whiskey by the town marshal of Wesson, and that therefore mental suffering of the plaintiff on account of such reports was not a proper element of damages.

The court will observe that the evidence of these reports, and the consequent mental suffering of the plaintiff, was permitted to go to the jury without objection on the part of the defendants. A motion to exclude such evidence was not even made. An objection to the competency of evidence, therefore, not raised in the court below will not be noticed on appeal. *Neely* v. *Planters Bank,* 4 S. & M. 113; *Kaufman* v. *Foster,* 89 Miss. 388, 42 So. 667. And the defect, therefore, in the competency of the evidence was waived. *Fox* v. *Baggett,* 101 Miss. 519, 58 So. 481. Without any other evidence to show mental suffering, the mere fact

that the appellee knew that her suit case, had been searched for whiskey in a public place, in the presence of her transfer man, Varnado, and the negro porter, was sufficient to uphold the meager damages awarded by the jury. The sum of two hundred and fifty dollars is a mere pittance, and in this case amounts to nominal damages only. The verdict shows that the jury did not consider the reports circulated in Wesson and Jackson, and did not take into consideration the mental suffering occasioned the appellee thereby, but only awarded damages for the wrongful search of the suit case in a public place and in the presence of strangers, and the resulting suffering incident to the knowledge thereof. As said in *R. R. Co.* v. *Moore,* 110 Miss. 775:

"If it (the instruction on mental suffering as applied to the reports above mentioned) be error, it is therefore harmless and looking through the entire record, and taking into consideration the amount of the verdict, we cannot say that the instruction is reversible error."

Because of the failure of the appellant to file their brief until the day this case was set for call, and the limited time given the appellee to answer it, we have briefed this case as if the stenographer's notes were still a part of the record. By so doing, however, we are not to be understood as waiving the motion to strike, but we still insist on the motion. Without the stenographer's notes in the records there is nothing for the court to decide, for, in the absence of a bill of exceptions, instructions will not be held erroneous, if, in any conceivable state of facts that might have been in evidence under the issue, they would be correct. *Hartford Fire, etc.* v. *Green,* 52 Miss. 332; *Bowers* v. *Ross,* 55 Miss. 213; *Strickland* v. *Hudson,* 55 Miss. 235; *Kellum* v. *State,* 64 Miss. 226, 1 So. 174; *Covel* v. *Smith,* 68 Miss. 296, 8 So. 859; *Christ-*

*man* v. *Russell,* 73 Miss. 452, 18 So. 656.

The judgment of the lower court was, we submit, right, and should be affirmed.

Cook, J., delivered the opinion of the court.

The appellee, Mrs. Hardy, a resident of Jackson, in this state, took passage on a train for Wesson. The trip was undertaken to visit her parents. When she alighted from the train at Wesson, she intrusted her suit case to the transfer man, Mr. Coker. It seems that the officer of Wesson had suspected that Coker was engaged in the business of bringing into Wesson alcoholic liquors and selling same in violation of the ordinances of the town and the laws of the state.

The mayor of the town, it seems, had told the defendant Furr, who was the marshal of the town, that Coker had gone somewhere for whiskey, and that the marshal should be on the watch, and, if Coker came in with a grip, the marshal should be sure to search it. No search warrant, or any other legal writ, was issued and delivered to the marshal. When the train reached Wesson, Coker came from the train with a suit case which he was carrying for Mrs. Hardy; he carried it into the baggage room and put it down on the floor, whereupon the defendant Furr proceeded to open the same and disarrange its contents. This was done over the protests of Coker.

The news spread that Mrs. Hardy's suit case had been searched by the officers of the law looking for whiskey. Naturally, a woman of refinement would suffer humiliation from this unwarranted and illegal act, and naturally, in a town of the size of Wesson, in a few hours the entire story was in the possession of the population, and the alleged facts, and all the inferences drawn therefrom, were analyzed and probably magnified.

It is insisted that instruction No. 4 should not have been given, and that the giving of that instruction was reversible error. The instruction is in these words:

"The court instructs the jury, for the plaintiff, that in assessing the damages in this case you may consider the mental pain, suffering, shame, and mortification of the plaintiff, if you believe from the evidence she sustained any, in estimating her damages."

The contentiin is that the marshal was not guilty of any willful wrong when he seized and searched the suit case over the protest of the custodian, and after having been told that the suit case belonged to a lady. The marshal knew, or should have known, that he was doing a willful wrong when he searched the suit case. It will be presumed that he knew the law. Section 23 of the state Constitution is as follows:

"The people shall be secure in their persons, houses, and possessions, from unreasonable seizure or search; and no warrant shall be issued without probable cause, supported by oath or affirmation, specially designating the place to be searched and the person or thing to be seized."

The policeman ignored the Bill of Rights.

We find no error in this record. We think mental suffering was a proper element of damages under the facts of this case. In the case of *Western Union Tel. Co.* v. *Rogers,* 68 Miss. 748, 9 So. 823, 13 L. R. A. 859, 24 Am. St. Rep. 300, Judge Cooper thoroughly discussed the question we have here before us, holding: "In cases of willful wrong, especially those affecting the liberty, character, reputation, personal security or domestic relations of the injured party," damages for mental suffering have generally been allowed.

This unlawful and willful act certainly may have seriously affected the character and reputation of the plaintiff in this case.