# Ross *v.* State.*

(Division B. Nov. 2, 1925. Suggestion of Error Overruled
Nov. 16, 1925.)

[105 So. 846. No. 25274.]

1. CRIMINAL LAW. *Defendant, disclaiming ownership and possession of suit case, may not complain of evidence as to unlawful search and seizure.*

Defendant, disclaiming ownership and possession of suit case containing liquor, and testifying that it was not his or in his possession, may not complain of testimony of officer based on unlawful search and seizure thereof.

## On Suggestion of Error.

2 SEARCHES AND SEIZURES. *Person testifying that property searched did not belong to him may not thereafter claim that search was unlawful.*

A person's right to avail of section 23 of the Constitution of 1890 in a prosecution may be waived by him, and if he deliberately testified that the property searched did not belong to him, and he did not have possession of it at all, he cannot thereafter claim a search was unlawful, being estopped by his oath to take a position contrary to that he had so sworn.

---

*Headnotes 1. Criminal Law, 16 C. J., Section 2194; 2. Searches and Seizures, 35 Cyc., p. 1265.

APPEAL from circuit court of Lowndes county. HON. J. I. STURDIVANT, Judge.

Curley Ross was convicted of unlawful possession of liquor, and appeals. Affirmed.

*Jas T. Harrison,* for appellant.

Themis was ravished in her sanctuary, and Evidence violated in the Temple of Justice, for assumption masqueraded as law, and suspicion was substituted for proof. Section 23 of our sacred Constitution, that "city of refuge" for the oppressed, was torn out and the common-law doctrine, that it is better that ninety-nine guilty should escape than one innocent be punished, was declared to be modernized in that ninety-nine innocent persons should suffer rather than a guilty party escape. Furthermore the benefit of reasonable doubt has been shifted from the defendant to the state, and an indictment but an invitation to enter the prison door. "Oh *tempora,* Oh *mores!*"

Madame Roland, whose conviction was a disgrace, said: "Oh Liberty, how many crimes are committed in thy name!" This case says that the word "Prohibition" should be substituted in lieu thereof, for, it is the mighty power that rules the hour. If it continues its depredations on the rights of man, Liberty will only be an echo of the past.

The indictment was under a *penal* law. The conviction was on an assumption. Heretofore, penal laws have been construed strictly, but, in this case the court ruled that a suit case (which was the gravemen of the offense) was a "vehicle of transportation" though not one of those enumerated by statute as under the ban, and as such, subject to search without a warrant, on a predicated affidavit.

The very *object of the law,* to-wit, to prevent the transportation of liquor, was disregarded and this case made therefore, a law unto itself. Follow this line of reasoning (if such it be) to its logical conclusion, and, if one of these alley rangers should smell whiskey (as he thought) on the breath of a person, he would take it for granted that he was in the possession of liquor and use a stomach pump instead of a search warrant. Such conduct would cause the hip pocket to invite the occupancy of an automatic—on a gilt edged card. He had no

more right to open that suit case, that was fastened, and *not in the car,* than to unbutton a hip pocket and look for a flask of whiskey therein.

This suit case search has already been determined by this court. In *U. S. Fidelity & Guaranty Co.* v. *State, to Use of Hardy,* Judge Cook says: "The marshal knew, or *should have known,* that he was doing a *willful* wrong when he *searched the suit case.* It will be presumed he knew the law."

In *Edwards House* v. *Davis,* 86 So. 849, Judge Ethridge says: "We do not think that a suit case comes within the terms and intent and purview of the statute." See also *Powell et al.* v. *State,* 102 So. 540; *Stewart* v. *State,* 95 Miss. 627, 49 So. 615. In this case, being strictly a penal statute, there was an "add to," and that in large proportions. A suit case was changed into a "vehicle." In *Owens* v. *State,* 98 So. 233, Judge Anderson, and a majority of the court held that the Tucker case should stand. That case, as well as this, upheld section 23 of the Constitution.

*J. L. Byrd,* assistant attorney-general, for the state, and *G. J. Rencher,* district attorney, of Columbus, *amici curiae.*

We submit, first, that the statutes recently passed authorizing the searching of automobiles would justify the seizure of this liquor, under the circumstances, because the officer was there to search the automobile and saw the suit case immediately taken out of the automobile. In the second place, because the suit case was abandoned, the officer had the right to pick it up and search it. This procedure is in no wise a case of unreasonable seizure and search.

This search was neither of the person nor the property of defendant. The defendant was not arrested until afterwards, and had not been spoken to. The officer who obtained the liquor telephoned for another police-

man and it was some minutes later before defendant was arrested. If this case is reversed on this point, then a bootlegger could drive up and take his liquor out of the car in the presence of the officer, deposit it by the side of the car and grin in the face of the impotent officer, though the liquor would be neither on his person, nor in his house, nor in his possession.

Holden, P. J., delivered the opinion of the court.

Curley Ross appeals from a conviction on a charge of having intoxicating liquor in his possession. There is but one question presented on the appeal that deserves discussion, and that is whether a defendant, disclaiming possession of a suit case which is found to contain liquor, can at the same time contend that the testimony of the officer is inadmissible at the trial because the search of the suit case was without a search warrant. We shall state so much of the record only as is necessary to understand the decision of the point involved.

The appellant, Curley Ross, seems to have been a porter for the Gilmer Hotel, at Columbus, Miss., and the officers had suspected that he was delivering whisky to some of the guests in the hotel, and the policeman watched him one night when he drove up in his automobile to a back entrance of the hotel and stopped. The officer saw Ross and another negro porter leave the car and take with them a suit case, which they placed on the ground near the car and left. Whereupon the officer approached the suit case and took it in charge, and after the arrival of another policeman they opened it, and found therein two gallons of whisky. The officers then took the suit case and the liquor and went into the hotel, where they arrested the appellant, Ross, and the other negro porter, by the name of Stevens, and charged them with having liquor in their possession.

At the trial of the case the appellant took the witness stand in his own behalf and testified positively that the

suit case containing the liquor was not his, nor was it ever in his possession, nor had he ever seen this suit case before he saw it at the trial. In short, he denied having any knowledge or concern whatsoever with the suit case seized by the officers. He admitted that it was his car, and that he got out of it on the night in question and spoke to the policeman as he passed him at the place where the suit case was said to have been seized by the policeman, but that he knew nothing whatever about the suit case. Of course, this testimony was in conflict with that of the officer, who said he saw him in possession of the suit case with the liquor in it on the night of its seizure and the arrest of the appellant.

When the state rested its case in the lower court, a peremptory instruction to acquit the defendant was requested, but refused by the court. One of the grounds upon which the appellant's discharge was asked was that the testimony of the officer was inadmissible, because the suit case had been seized and searched without a search warrant therefor. When the request for the peremptory instruction was denied by the court, the appellant then took the witness stand in his own behalf, and denied possession, ownership, or knowledge of the suit case at the time it was seized and searched by the officer.

Now the question presented is whether the appellant can assert his constitutional right to protection against search of his private property without a warrant, when, at the same time, he swears the private property, to-wit, the suit case, was not his property, was not in his possession, that he did not own it, and had never seen it before. Can he claim protection against unlawful search and seizure of some other person's property, or will he be denied the right to have the evidence against him excluded, on the ground that it was obtained by an unlawful search of his suit case, when, in fact, he says he did not have such suit case?

We are of the opinion that the appellant cannot invoke the protection of the law against search and seiz-

ure without a warrant, when he at the same time testifies that the thing which was unlawfully searched by the officer was not his property nor in his possession. We think this would be a species of "juggling" with the truth in a way calculated to embarrass the administration of justice. Such a defense is so inconsistent as to be unavailable. Surely, if he did not have possession of the property that was unlawfully searched, then he has no complaint, nor is he concerned with whether the officer was lawfully authorized to seize and search the property of some other person. And that is exactly the position the appellant places himself in on this appeal. He says, in effect: "The suit case was not mine. I never saw it, and am not concerned with it. Nevertheless, if you say that I had possession of it, then I claim it as mine, and the search of it was unlawful, and you cannot introduce evidence against me that you secured by the unlawful search." The fatal inconsistency cannot escape observation.

If the appellant had also rested his case when the state rested, then the appellant might have, though we do not decide, successfully presented his contention as to the admissibility of the testimony obtained by the officer in the search of the suit case; for then the question would have been whether the appellant was in possession of the suit case containing the liquor when the officers seized it, or whether the appellant had abandoned the possession of it when he took it from the car, and set it out upon the ground in the dark and left it. If it was voluntarily abandoned, then, of course, the officer would need no warrant to search it; but if it was not abandoned, but had been set there on the ground temporarily, while the owner stepped away for some reasonable purpose, then the suit case would have been in the possession of the owner at the time it was seized by the officer, and, under such circumstances, the officer would have been required to first obtain a warrant for the search. For instance, if a passenger, when waiting on the platform

to catch a train, sets his grip down on the platform and strolls away from it temporarily, this would not be an abandonment by the owner, and we apprehend a warrant would be necessary before a search of it could be lawfully made.

However, it is unnecessary to decide the last question discussed above, because the appellant disclaimed any interest or concern with the suit case here in question, and, that being true, he cannot complain of the unlaw-ful search and seizure of the hand baggage not owned or possessed by him, and therefore the testimony of the officer became admissible against appellant after the latter testified.

In viewing the case as a whole, we have reached the conclusion that the judgment of the lower court should be affirmed.

*Affirmed.*

## On Suggestion of Error.

Etheridge, J.   Distinguished counsel for the defendant has filed an interesting suggestion of error, in which he quotes a part of the opinion rendered heretofore, con-'cluding with the statement of the court:

"We are of the opinion that the appellant cannot invoke the protection of the law against search and seizure without a warrant, when he at the same time testifies that the thing which was unlawfully searched by the officer was not his property nor in his possession,"—and then says: "That assumes that appellant is estopped from calling on the protection of the law of search warrant, because he denies the ownership of the suit case. This point is handed straight to the court for its decision; that is, the court is putting on this defendant the estoppel that properly belongs to the state.  This man cannot be guilty unless this suit case was his property. No juggling of words can get around this proposition, and this court can only sustain conviction upon the fact proved that the suit case was his property.  Now, if

Ross v. State. [Sup. Ct.

On Suggestion of Error. [140 Miss.

the suit case was his property, most certainly his property rights arose, and there was no right of seizure unless by search warrant, and there was no search warrant, and it is submitted that his rights are not to be determined and concluded by his contention that the suit case was not his property. The rights of this defendant are based upon facts, not upon words, and the fact held by this court, and necessary in order to sustain his conviction, is that the suit case was his property.''

This is specious, but fallacious. The defendant may waive constitutional rights, and he make take a position inconsistent with the assertion of such rights. In *United States Fidelity & Guarantee Co.* v. *State,* 121 Miss. 369, 83 So. 610, we held that a city marshal who searches a suit case of a person for alcoholic liquors without a search warrant violates this section and is guilty of a willful wrong. In the present case, the question of abandonment of suit case was involved, but not decided. We have held in a number of cases that the right against search and seizure of one's property was only available to the owner of the property, or one having the right of possession, which would make him owner for the time being, or give him a qualified right of ownership in the property searched or seized. *Lee* v. *City of Oxford,* 134 Miss. 647, 99 So. 509; *Falkner* v. *State,* 134 Miss. 253, 98 So. 693.

In the case of *Lee* v. *City of Oxford,* 134 Miss. 647, 99 So. 509, the evidence was obtained against the defendant, Lee, by a wrongful search of the residence of another person in which Lee was for the time being present as a guest. We held that the evidence obtained was admissible against Lee, and that he could not complain of the wrongful search of another person's property. In the case of *Falkner* v. *State,* 134 Miss. 253, 98 So. 691, there was an unlawful search of the premises of Tom Falkner, who was jointly indicted with Pete Falkner for violation of the liquor laws, and judgment was reversed as to Tom Falkner, because the evidence was unlawfully obtained as to him, but it was affirmed as to Pete Falkner, because

he could not complain of the unlawful search of the premises of another person. We also hold to the same effect in *Harris* v. *State,* 98 So. 349, although no opinion was written in that case.

When the defendant solemnly swore that the property was not his property, he eliminated the search and seizure question from the case, and the case then stood before the jury upon the testimony of the officer and the defendant, as to whether the property belonged to the defendant. It is familiar learning that an oath, deliberately and solemnly taken, will estop a person taking the same from asserting the contrary thereafter. Certainly the appellant waived his right to claim the search was unlawful when he solemnly and deliberately testified, on oath, that the property was not his property.

Having taken this position, he must stand upon it, and suggestion of error will be overruled.

*Overruled.*