DAVIS *v.* STATE.

(Division A.  Mar. 30, 1936.)

[166 So. 761.  No. 32182.]

J. W. Conger, of Winona, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

McGowen, J., delivered the opinion of the court.

Appellant was convicted in the lower court of having unlawfully in his possession intoxicating liquor.

A private citizen in the town of Vaiden, Mississippi, saw the appellant, Davis, pick up from among the weeds along the street a suitcase. The appellant, becoming aware that the citizen was watching him, ran. The citizen then mounted his horse and pursued the appellant for a considerable distance. The appellant, more fleet-footed than the horse, ran toward a lot owned by a Mr. Brock, upon which there was a gin, getting out of reach of his pursuer. Thereupon the private citizen notified the marshal of the town that he thought that appellant

had whisky in his possession, and the marshal got into his car and drove in the direction that appellant had gone, to arrest him. When the officer arrived at the gin lot, he learned that the appellant had passed into the lot with a suitcase, but, upon reaching the other side of the lot, came out without it. The officer never saw the appellant, Davis, nor were they in sight of each other. Several people, including the officer, instituted a search for the suitcase, and finally found it hidden in Johnson grass on the right of way of the railroad at or near the gin lot. Upon opening the suitcase, the officer found fourteen bottles of moonshine whisky therein. Some time later appellant was arrested in another county.

The officer had no search warrant, and the private citizen's belief that there was whisky in the suitcase was based on mere suspicion, so far as this record discloses.

The appellant did not testify or offer any evidence in his own behalf.

It is contended as a ground for reversal that the court below should not have admitted the evidence of the search of the suitcase by the marshal of the town of Vaiden; and it was further urged that the suitcase was the personal baggage, or a possession, of the appellant, and that the officer, while in pursuit of him, came unlawfully into the possession of the suitcase, that the search thereof was illegal, there being no search warrant, and that the evidence of the officer as to the showing of the contents of the suitcase is incompetent. We are cited to such cases as Butler v. State, 135 Miss. 885, 101 So. 193; Ford v. City of Jackson, 153 Miss. 616, 121 So. 278; Lenoir v. State, 159 Miss. 697, 132 So. 325.

It is contended that the officer was in pursuit of the appellant, and upon that assertion the argument for reversal is based here. The premise is wrong. The pursuit was by a private citizen, and was unavailing. According to this record, neither the officer nor the ap-

pellant saw each other. The accused had escaped, although the private citizen chased him, riding horseback. When the suitcase was found on the right of way of the railroad, it had been permanently abandoned by the appellant. The suitcase was identified by all the witnesses as being the one which the appellant carried into the gin lot on that occasion. The appellant did not temporarily leave the suitcase, but abandoned it, presumably in order to avoid the pursuit of the private citizen.

Section 23 of the Constitution, prohibiting unlawful searches and seizures, has no application to the unlawful or unauthorized acts of trespass of private citizens as to the competency of their evidence. See Hampton v. State, 132 Miss. 154, 96 So. 165.

In all cases cited by the appellant, an unlawful search and seizure was made by an officer. The suitcase here was voluntarily abandoned. It was not temporarily abandoned, as shown from the facts. On the facts of this case, the court did not err in permitting the evidence as to the contents of the suitcase to go to the jury, and the marshal did not commit a trespass in opening an abandoned suitcase. See Ross v. State, 140 Miss. 367, 105 So. 846.

We find no reversible error in this record.

Affirmed.