194 So.2d 502 (1967)
Olen BALL, Defendant-Appellant,
v.
STATE of Mississippi, Plaintiff-Appellee.
No. 44254.
Supreme Court of Mississippi.
January 30, 1967.
Lampkin Butts, Henry S. Davis, Jr., Laurel, for appellant.
Joe T. Patterson, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellee.
PATTERSON, Justice:
Olen Ball was indicted for possession of a whiskey distillery and convicted in the Circuit Court for the Second Judicial District of Jones County. His two-year sentence to the state penitentiary was suspended by the trial judge and Ball was placed on probation for three years. He appealed on grounds of illegal search and seizure, and the general insufficiency of evidence to sustain a conviction.
*503 Testimony showed that defendant was arrested following an early morning fire which destroyed a barn containing the still. The barn was located on land owned by defendant's mother. However, the defendant exercised some control over the property, as evidenced by his testimony and by a lease agreement made by him with Roosevelt Porter. By terms of the lease, Porter, who was also indicted, had use of the barn and pastureland.
On the date of the fire, July 1, 1965, defendant was spending the night in a small house situated some 100 to 300 feet from the barn. Between 3:00 and 4:00 a.m. he looked out the window of the house to see the barn "in an extremely big blaze." Not having a telephone, defendant went to his mother's house some distance away and called the sheriff to report the fire. At the time of the call he informed this officer that the barn was rented to someone else. Shortly afterwards the sheriff came to the scene to investigate the fire, and while present observed the still in the smoldering remnants of the barn. Later that morning the sheriff placed defendant under arrest and sent a deputy sheriff to the barn to make photographs of the still. The deputy's investigation was made without a search warrant.
Defendant assigns as error the following:
1. The court erred in admitting into evidence objects taken from, and photographs taken on, the premises by the deputy sheriff, because they were the fruits of an unlawful search and seizure.
2. The court erred in failing to grant a peremptory instruction for defendant because of the State's failure to prove defendant's guilt beyond a reasonable doubt.
In support of the first assignment of error the defendant argues that his invitation to the sheriff to come to the scene of the fire did not constitute consent to search without a warrant, and, even if it be conceded consent were granted to the sheriff, defendant contends the right to search did not extend to the deputy. He cites in support of this position Martin v. State, 217 Miss. 506, 64 So.2d 629 (1953), and Lancaster v. State, 188 Miss. 374, 195 So. 320 (1940).
It is not necessary to determine whether there was in fact consent to search without a warrant. Here defendant claimed he had rented the barn to Porter, and that Porter had exclusive right to the use thereof. One testifying that property searched did not belong to him may not thereafter complain that the search was unlawful. Ross v. State, 140 Miss. 367, 105 So. 846 (1925). In many cases this Court has held that persons who are not owners or in control of premises searched cannot complain of evidence obtained as a result thereof. Craft v. State, 254 Miss. 413, 181 So.2d 140 (1965), and the numerous cases cited therein. See, however, United States v. Dean, 50 F.2d 905 (D.C.Mass. 1931), and Ross v. State, 140 Miss. 367, 105 So. 846, sugg. error overruled, 140 Miss. 373, 105 So. 847 (1925), as to the propriety of the State alleging possession and control of the property for the purposes of conviction in accord with the indictment, and at the same time urging the absence of control and possession for the purpose of making legal an otherwise unlawful search.
For the purposes of this opinion we consider the photographs of the distillery and other physical exhibits admitted into evidence in the trial below. Considering these items with the remainder of the evidence, the great weight of the evidence was still not sufficient to prove defendant's guilt. There was no evidence introduced to show that defendant had any control over the still or had knowledge of its presence. The State contends, however, that the proximity of the house to the barn and the fact that the barn was supplied with water and electricity from the house was sufficient evidence for conviction. The defendant argues to the contrary and contends that it was the defendant himself who called the sheriff to the scene, and that he would not *504 have done so had he possessed the knowledge of the still. No evidence other than the lease was introduced to prove any connection between defendant and Porter, his co-indictee, and, as a matter of fact, the defendant's testimony indicated that he stayed in the house, which was in close proximity to the barn, only on occasion.
Defendant was convicted upon the presumption he knew or should have known of the existence of the still because he sometimes used the house. No other facts exist to connect defendant with the still. Under the evidence presented we are constrained to hold that the State failed to meet the burden of proof imposed upon it to establish the defendant's guilt beyond a reasonable doubt. We are of the opinion the court erred in not sustaining defendant's motion for a peremptory instruction.
For the reasons stated the defendant's conviction is reversed and he is hereby discharged.
Reversed and defendant discharged.
ETHRIDGE, C.J., and JONES, INZER and ROBERTSON, JJ., concur.