BRADY, Justice.
This is an appeal from the Circuit Court of Leflore County, Mississippi, wherein the appellant was convicted on the charge of armed robbery and was sentenced to a term of twenty-five years in the Mississippi State Penitentiary. From that judgment this appeal is taken.
On the night of February 12, 1969, at approximately 8:00 o’clock, three Negroes, hooded with ski masks, entered Malouf Music Company in Greenwood, Mississippi, armed with a sawed-off 12-gauge shotgun, a 30 calibre rifle and a 45 calibre automatic pistol, and robbed the company of approximately $14,000. The robbers taped and bound Abe Malouf, one of the owners, and Harold Markham, Howard Cox and Alphonso Pinkie, three employees, forcing the three employees to lie on the floor, face down, where they were bound. The money which was taken consisted of currency and approximately $3,000 in coin. The money was placed in bags belonging to and marked “Malouf Music Company,” and “Bank of Greenwood.” The robbers escaped in Mr. Abe Malouf’s 1967 yellow Chrysler.
Shortly after the robbery the Greenwood Police Department and the Mississippi State Highway Patrol were notified and Highway Patrolman James Abies came to the scene and talked at length with Abe Malouf and Harold Markham. Mr. Malouf and Mr. Markham gave Patrolman Abies the details concerning the robbery and due to an unusual incident which took place on February 3, 1969, hereinafter discussed, advised Patrolman Abies that the robbers could be traveling in a black vinyl over blue 1968 Buick auto *103 mobile bearing the words “GS California” on the left rear fender. Shortly thereafter Patrolman Abies transmitted this information to Highway Patrolman H. W. Miller. Thereafter around 11:00 P. M. on the night of the robbery Patrolman Miller saw the 1968 Buick automobile, “sitting down low in the rear” that was of black vinyl over blue color, bearing the words “GS California” on the left rear fender. He followed the Buick automobile in which four Negro men were riding and, after summoning aid from Patrolman Abies, who came, he arrested the appellant and his three companions. The money sacks marked “Malouf Music Company” taken in the robbery were recovered from the trunk of the automobile, which was searched, along with Malouf Music Company receipts, three pair of gloves and ski masks, a 32 calibre pistol, a 30 calibre carbine rifle and a 12-gauge sawed-off shotgun. The 45 calibre Colt automatic pistol was found in the glove compartment. Some of the money was found on the occupants in the automobile, and Mr. Malouf’s watch was found in the pocket of a blue jacket which was in the trunk of the Buick.
The Buick automobile mentioned to Patrolman Abies by Abe Malouf and Harold Markham had been seen on the night of February 3, 1969, by Mrs. Malouf. The demeanor of the Negro sitting in the car and its presence disturbed Mrs. Malouf who called Mr. Markham’s attention to the car parked near Malouf Music Company occupied by a Negro male. Mr. Markham walked to the car and talked to the Negro asking him, “What do you want down here?” The Negro replied: “Is the guys gone?” Mr. Markham questioned: “What guys ?” The Negro never said anything but sat in the car. Mr. Markham then walked behind the car, noticed the tag, No. 42C6033, and the words “GS California” on the left rear fender of the black vinyl over blue colored 1968 Buick automobile. He went back into the office and reported this to Mr. Malouf and stated that he should notify the police because of the suspicious acts of the man. Mr. Markham checked the doors of the store to be sure they were locked. A little later on the same night Mr. Malouf saw a Negro male' enter the store under what Mr. Mal-ouf considered unusual circumstances. The Negro came into the store, went behind the counter and looked over the store and its contents. He refused to answer Mr. Malouf who asked him if he could do anything for him. The Negro then turned and walked out of the store. The suspicious actions of this Negro in the store, together with the fact that a Negro had been sitting in the Buick parked outside, caused Mr. Malouf to notify the Greenwood Police at that time of the circumstances and to give them the number of the license plate of the car. It was discovered by the police that the Leflore County, Mississippi, license plate on the Buick had been stolen from a 1957 Chevrolet of Itta Bena, Mississippi.
The appellant objected throughout the entire trial to the admissibility of the evidence taken from the car on the grounds that there was not probable cause for the arrest without a warrant in the case. From a verdict, judgment against the appellant and a sentence of twenty-five years in the Mississippi State Penitentiary, the appellant appeals.
The sole question which requires our consideration is whether or not Patrolman Miller had probable cause to stop the 1968 blue Buick with the stolen license plate and arrest appellant. Appellant urges probable cause did not exist and assigns as principal authority the case of Branning v. State, 215 Miss. 223, 60 So.2d 633 (1952). In that case it was held that in order to arrest for a felony without a warrant, when the crime was not committed in the presence of the person making the arrest, the arresting officer must have reasonable grounds to believe not only that a felony had been committed but that the person arrested is the party guilty thereof. In McCollum v. State, 197 So.2d 252, 254—255 (Miss.1967), this Court established the *104 following from the annotation to Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327, 1736-1739 (1959), as the prerequisites for probable cause to make an arrest in Mississippi:
“The existence of ‘probable cause’ or ‘reasonable grounds’ justifying an arrest without a warrant is determined by factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. The determination depends upon the particular evidence and circumstances of the individual case. The facts necessary to uphold an arrest without a warrant must be sufficiently strong to support the issuance of a warrant for arrest. Standards which may be reasonable for the apprehension of bank robbers may not be reasonable for the arrest of narcotics peddlers.
“ ‘Probable cause’ or ‘reasonable grounds’ justifying an arrest without warrant exists where the facts and circumstances within the arresting officer’s knowledge and of which he had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that a narcotics offense has been or is being committed. It is not required that probable cause be established solely by facts within the personal knowledge of the arresting officer. A combination of information and personal knowledge may raise the inference beyond opinion, suspicion, and conjecture to reasonable probability. All information in the agent’s possession, fair inferences therefrom, and observations made by him are pertinent.”
In the case at bar the arresting officer knew that the crime was committed by at least three Negro men. He had knowledge that one was about 5' 9" tall, stocky, and heavy built, and that two men were tall and about the size of Mr. Markham, who weighed around 220 pounds. He knew that a man riding in a 1968 blue Buick bearing the words “GS California” on the left rear fender had previously acted so suspiciously at the store prior to the commission of the crime that the police were notified. He knew that a car of such description had been operating in the area with a stolen license tag.
The record discloses that although he had been stationed at Greenwood for over fourteen years, this is the only car he had ever seen bearing the words “GS California” on the left rear fender. He had seen a picture of such a car once on television. He knew that at least three men were engaged in the act of robbing Mr. Malouf and the employees. He knew that a large amount of coins had been taken which if loaded in the trunk of an automobile would make a car “ride low” to the ground, and the car he stopped was a black vinyl over blue 1968 Buick with “GS California” marked on the left rear fender and the car was “riding low in the rear.” He knew that one of the armed robbers was the Negro man who had entered the music store and acted suspiciously at the scene of the crime a few days prior thereto.
In passing, on cross examination by appellant’s counsel, Mr. Malouf stated that in a former trial he had positively identified the Negro, who had acted so suspiciously when he entered his store, as one of the three who later robbed the store and bound the employees.
While the appellant, exercising his constitutional prerogative, did not testify in his own behalf, he introduced Marshall Weathers, Sr., the father of one of his codefendants, who testified that the first time he met the appellant was on Monday morning, February 10. This witness testified that the appellant and his companions were in his home on February 12 from 5:30 P. M. until thirty or thirty-five minutes after the eight o’clock Wednesday night movie on television began. In substance, this witness afforded a valid alibi that the appellant was in his home at the time of the robbery. If believed by the *105 jury, this would have exonerated the appellant. This factual issue was resolved against the appellant by the jury. The facts in Branning v. State, supra, are so clearly distinguishable from the facts in the case at bar that the rule of law properly applied in the Branning case does not have application here.
If upon the facts as revealed in this case probable cause did not exist to permit the officer to stop the easily identified car with the stolen tag together with the description afforded him of the three men who participated in the robbery and to search the car and find the contraband, it is difficult to conceive of a factual situation which could better establish probable cause.
While it is true, as reflected in the record, no witness could positively identify the appellant as being one of the three robbers or that the appellant was the man who was seated in the car outside the building watching it, with whom Mr. Markham conversed, or that the appellant was the man who entered the Malouf Store, went behind the counter, inspected the premises, declined to talk to Mr. Malouf and left, nevertheless, all the circumstantial evidence taken together with the undisputed facts in the case attendant with the preparatory operations prior to the robbery, the details of the robbery together with the circumstantial evidence, created a degree of proof which is equal to that of direct evidence which constituted probable cause for the arrest of appellant and justified the jury in bringing in its verdict of guilty. Conceding, as is admitted by the State, that the case against appellant is built largely upon circumstantial evidence which was recognized by the State in the trial and which fact was submitted by proper instructions for consideration by the jury, it has been held generally and also by this Court that circumstantial evidence is not inferior to direct evidence when all of the facts are considered. United States v. Battles, 276 F.Supp. 795 (N. D.Miss.1967), affirmed 388 F.2d 799 (5th Cir. 1967); 23 C.J.S. Criminal Law § 907, page 559 (1961). In the citation from 23 C.J.S. Criminal Law § 907, page 559, it is pointed out that “circumstantial evidence, ordinarily, is entitled to the same effect and weight as direct evidence and may, in the concrete, be the more reliable and stronger.”
The web of circumstantial evidence in this cause, woven by the appellant and his colleagues in crime, together with the direct evidence, establishes the fact, to the exclusion of every other reasonable hypothesis of innocence, that the appellant was guilty of the crime of burglary. The overwhelming weight of the testimony justifies the jury’s verdict of guilty, which is a classical example of the infallibility of the Biblical admonition, “Be sure your sin will find you out!”
For these reasons the judgment of the Circuit Court of Leflore County is affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, PATTERSON and SMITH, JJ., concur.