SMITH, Justice.
The appellant, Marshall Weathers, Jr., was convicted in the Circuit Court of Le-flore County of the crime of armed robbery and sentenced to serve a term of 25 years in the penitentiary. He appeals from that conviction and sentence.
Weathers was indicted jointly with William Hardin Bogard, Jr., and two others, for the armed robbery of Malouf Music Company of Greenwood at about eight o’clock on the evening of February 12, 1969. Severances were granted and the defendants were tried separately. The facts in the case are stated in considerable detail in this Court’s opinion in the case of Bogard v. State, 233 So.2d 102 (Miss. 1970).
It is only necessary to add to what was said there that when the officers apprehended Weathers and his coindictees, at about eleven o’clock on that same night, Weathers was driving the automobile in which all were riding and in which the loot taken in the robbery and the weapons and masks used by the robbers were found. Details of the arrest and search of the automobile are set out in the Bogard case, supra.
After the arrest, Weathers was taken to the police station where he was advised of his rights by use of a “Miranda” card. *442 Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966). At that time he declined to make a statement. Later, when alone with another officer, who also gave him the warning required by Miranda, supra, Weathers made a statement. Objection was made to the testimony of this officer regarding the statement. The officer testified that Weathers’ statement had been made freely and voluntarily, that it had not been given under duress or coercion and that no promise of any kind had been made to Weathers to induce him to make it. The objection was overruled by the trial court and the officer was permitted to testify. In substance, he said that Weathers had told him that he, Weathers, had not been one of the three armed men who actually had entered and robbed Malouf Music Company and Malouf, its proprietor, but that he had stayed outside and acted as “watch out” man while the robbery was committed.
He was asked by the officer what had been done with the proprietor’s Chrysler automobile, which had been taken by the robbers. Weathers stated that, while he could not explain to the officer exactly where this automobile had been left, he thought that he could lead him to it.
Weathers then did, in fact, direct the officer to the place where this automobile had been left by him.
Weathers testified in his own behalf and was the only defense witness. His defense consisted of an alibi, the substance of which was that he had been at his parents’ home watching television at the time of the robbery. He denied having taken any part in the robbery and denied knowing anything about it. Moreover, he denied having waived his right to remain silent and denied having made the incriminating statement attributed to him by the officer. He also denied that he had guided the officers to the place where the Malouf car was found and suggested that the officers must previously have located it and that they already knew where it was.
Weathers admitted that he had placed his shirts in the trunk of the car where the weapons, masks and most of the stolen money and articles were found, but he denied that he knew that any of this was in the trunk since it had been covered by a coat.
It is argued most strenuously on Weathers’ behalf that the testimony of the officer regarding Weathers’ statement to him, the making of which was directly disputed by Weathers, was so inconsistent, self-contradictory and improbable as to be unworthy of belief. For these reasons, it is contended, this testimony should be disregarded in its entirety, and that the case against Weathers should be considered as if it were based upon circumstantial evidence only. Therefore, appellant says, the trial court should have granted one or all of several requested jury instructions to the effect that, in order to convict, it was necessary that the evidence of Weathers’ guilt exclude every other reasonable hypothesis.
We have given this matter careful consideration and have concluded that admissibility of the officer’s testimony was for the trial court, and the credibility, as well as the weight and worth of the officer’s testimony, then became matters for determination by the jury.
Under the evidence, the trial judge was justified in finding that Weathers’ statement had been made after he had been duly warned as to his rights under Miranda, and that it was free and voluntary. The conflict between Weathers arid the officer as to whether Weathers had, in fact, made the statement attributed to him created a factual issue, the resolution of which lay peculiarly within the province of the jury.
For the reasons stated in Bogará, supra we find that Weathers’ arrest was lawful *443 and the subsequent search of the automobile incident thereto were not unreasonable or illegal.
The case was not one depending entirely upon circumstantial evidence and therefore the court properly refused to give the several instructions requested by appellant dealing with the degree of proof required in circumstantial evidence cases.
The instructions, read as a whole, are not misleading and together properly state the principles of law applicable to the issues made by the evidence.
Following conviction and prior to sentencing, there was an emotional outburst on the part of Weathers. His counsel then moved the court to order that a psychiatric examination be made of Weathers before pronouncing sentence. This motion was denied. We are unable to say that the trial court erred in denying the motion. The trial judge had observed Weathers throughout the entire course óf the trial and had heard his testimony on both direct and cross-examination. The record of this testimony gives no indication of mental disease or unsoundness of mind. There is nothing in the record before us to indicate that the trial court erred or that would justify our reversing his ruling upon this matter.
The question of the guilt or innocence of Weathers was a sharply drawn issue of fact which was resolved by the jury against him. There was ample evidence to support the verdict and no reversible error appearing in the record, the judgment and sentence appealed from must be affirmed.
Affirmed.
GILLESPIE, P. J., and PATTERSON, INZER and ROBERTSON, JJ., concur.