242 So.2d 454 (1970)
Louis HOLLOWAY
v.
STATE of Mississippi.
No. 46132.
Supreme Court of Mississippi.
December 21, 1970.
Brewer, Deaton & Evans, Greenwood, for appellant.
A.F. Summer, Atty. Gen., by Velia Ann Mayer and Jim Haddock, Sp. Asst. Attys. Gen., Jackson, for appellee.
ROBERTSON, Justice:
The appellant, Louis Holloway, was convicted in the Circuit Court of Leflore County of the crime of armed robbery and sentenced to serve a term of twenty years in the state penitentiary. He appeals from that conviction and sentence.
Holloway was indicted jointly with William Hardin Bogard, Jr., Marshall Weathers, Jr., and Wallace Vance Sanders for the armed robbery of Malouf's Music Company, Greenwood Mississippi. Severances were granted and the defendants were tried separately.
About 8:00 P.M. on February 12, 1969, the Music Company was robbed of about $12,000.00 in cash, a cigarette lighter and a wrist watch. The facts are stated in considerable detail in this Court's opinions in the companion cases of Bogard v. State, 233 So.2d 102 (Miss. 1970), and Weathers v. State, 237 So.2d 441 (Miss. 1970).
The appellant assigned as error:
"1) The Court erred in the systematic exclusion of Negro jurors for cause;
"2) The Court erred in its finding of `probable cause' for the pursuit and arrest of the defendant;
"3) The verdict and judgment in this cause is contrary to the overwhelming weight of credible and believable evidence;
"4) The judgment and verdict is contrary to the law."
*455 The second, third and fourth assignments of error were fully and completely discussed in Bogard and answered adversely to the contentions of the appellant. We reaffirm here our decisions of those questions.
When arrested about 11:00 P.M. on February 12, 1969, appellant, Holloway, was sitting on the front seat of the 1968 Buick, the get-a-way car, next to Marshall Weathers, Jr., the driver. On the seat between them was a can of chemical Mace. In the unlocked glove compartment directly in front of the appellant was a loaded 45-caliber automatic pistol. A shoulder holster was found on the floorboard of the car, and a large sum of money under the back floor mat. Two large rolls of U.S. currency were found in the front pockets of the appellant's pants. Over $11,000.00 of the $12,000.00 stolen was found on the persons of the four occupants and in the car. The car was described as a 1968 black over blue Buick, with the wording "GS California" on the left rear fender.
A cigarette lighter, identified by Mr. Abe Malouf as being his, was found in the right shoe of appellant when he was searched at the Greenwood jail.
Appellant claimed that he had been asleep at Marshall Weathers, Sr.'s house since 6:30 P.M. and that the others waked him about 10:00 P.M. to return to Chicago with them at once. He denied any knowledge of the robbery of Malouf's Music Company, denied that the law officers took two large rolls of currency from his person, denied that Malouf's cigarette lighter was found in his shoe, and disclaimed any knowledge of why Marshall Weathers, Jr. was wearing gloves when arrested.
As to the first assignment of error that "The Court erred in the systematic exclusion of Negro jurors for cause", the appellant complains that the trial judge excused for cause a number of Negro jurors who stated that they could neither read nor write nor understand questions asked them by the court.
Appellant contends that "it is not sufficient to protect his constitutional rights in providing a truly representative cross section of the community by the mere summoning of an indiscriminate number of Negro members of the community if these Negro members cannot read and write."
Apparently the appellant feels that the county board of supervisors or the trial judge should determine beforehand whether the Negroes whose names were drawn could read and write and are otherwise qualified and, if not, then they should not even be summoned as prospective jurors and tendered to the defendant.
The suggestion of the appellant that the panel of prospective jurors should be preliminarily investigated and screened is impractical and unreasonable, and such a procedure would be unlawful. It flies in the teeth of the statute and the case law of this State and the United States.
A complete answer also is that the appellant accepted the jury and the alternate jurors, which included two Negroes, and never voiced any objection until the selection of the jury had been completed and the jury seated in the box ready for the trial to begin.
The trial judge, in ruling on appellant's motion, said:
"Let the record show that this is the first time that the court has been apprised of the defendant's position in alleging that he has been denied any of his constitutional rights and the court has not had an opportunity to correct any errors which it allegedly made; the court knows of no objections which have been offered by the defendant up until this time in regard to these matters. In any event, the record has been made. Let the record show that the motion is not well taken and is DENIED."
In Gordon v. State, 160 So.2d 73 (Miss., 1964) where the composition of the grand and petit juries was not questioned in the *456 trial court, we said that the issue was effectively waived. This is a fair and equitable rule and we adhere to it in this case.
The evidence of appellant's guilt was overwhelming. A fair and impartial jury found the appellant guilty as charged, and we affirm the conviction and sentence.
Affirmed.
GILLESPIE, P.J., and PATTERSON, INZER and SMITH, JJ., concur.