262 So.2d 422 (1972)
Barbara WATKINS et al.
v.
STATE of Mississippi.
No. 46709.
Supreme Court of Mississippi.
April 25, 1972.
Rehearing Denied June 5, 1972.
W.S. Moore, Jackson, for appellants.
A.F. Summer, Atty. Gen. by James W. Haddock, Sp. Asst. Atty. Gen., Jackson, for appellee.
*423 PATTERSON, Justice:
The appellants, Barbara Watkins, Mary Ruby Thomas and Maggie D. Thomas, were convicted of "shoplifting" in separate trials by the Circuit Court of the Second Judicial District of Jones County and each was sentenced to serve five years in the state penitentiary. The evidence being almost identical, the cases were consolidated for appeal to this Court.
Two points are argued for reversal. These are (1) that the burden of going forward with the evidence is upon the State to explain the disparity between the percentage of Negroes in the Second Judicial District of Jones County and those on the venire for the year 1970-71 and (2) that the trial court erred in refusing to suppress evidence resulting from an illegal search of an automobile.
Each of the defendants was represented by the same attorneys. On April 9, 1971, the date of the trial of Barbara Watkins, there was filed a motion common to all of the appellants to "quash the indictment, venire and petit venire without prejudice and order the Board of Supervisors of Jones County to prepare a venire selected by random samples from all of the alive persons on the voter registration books of this district." Incorporated within this motion is a statement that the 1970 census of population, of which courts take judicial notice, indicates that Jones County has 56,357 inhabitants of whom 42,403 are white, 13,810 are Negro, and 144 are other nonwhite persons, a ratio of 75.24% white to 24.76% nonwhite.
This motion, though filed, was not directed to the attention of the court nor a ruling requested thereon in the case of Barbara Watkins or Mary Ruby Thomas until the State had presented its evidence and was then included in each of the defendants' motions to exclude the State's evidence and to direct a verdict for the defendants. We are of the opinion that by accepting the jury the appellants Barbara Watkins and Mary Ruby Thomas waived its composition. Holloway v. State, 242 So.2d 454 (Miss. 1970).
The motion to quash, as well as a motion for a subpoena duces tecum for the voter registration books, etc., in the trial of Maggie D. Thomas was called to the attention of the court prior to the State's presenting its evidence and was overruled by the court as not being timely filed. The appellant, however, made no effort by the introduction of witnesses or otherwise to indicate that the jurors were improperly drawn or selected, or to prove the systematic exclusion of jurors because of sex or race. There was thus nothing before the trial judge to substantiate the motion to quash other than the statement contained in the motion relating to the census report. The motion was renewed at the conclusion of the State's evidence. It reflects there was one black male who served on the petit jury. The absence of any evidence indicative of systematic exclusion of jurors on account of race or sex requires the conclusion on our part that any such objections were effectively waived by the applicant. Gordon v. State, 160 So.2d 73 (Miss. 1964), and Holloway, supra. The mere reference to a census report and thereafter numerically depicting the white-black ratio of a county, without more, is insufficient in our opinion to shift the burden of proof upon a discrimination issue from the movant who has the affirmative of the issue to the State. We conclude this assignment of error to be without merit.
The next contention of the appellants is that an automobile used by them on the date of the alleged crime was searched without probable cause or warrant and hence the articles removed therefrom, later identified as having been stolen, were erroneously admitted into evidence as they were the result of an illegal search in violation of the Fourth Amendment to the Federal Constitution and Section 23, Mississippi Constitution (1890). The record discloses that each of the appellants specifically *424 denied any interest in the automobile. We therefore conclude that none of these appellants had standing to object to the search of the automobile since we stated in Ball v. State, 194 So.2d 502, 503 (Miss. 1967), the following:
... One testifying that property searched did not belong to him may not thereafter complain that the search was unlawful. Ross v. State, 140 Miss. 367, 105 So. 846 (1925).
See also Canning v. State, 226 So.2d 747 (Miss. 1969), as well as Baldwin v. State, 282 Ala. 653, 213 So.2d 819 (1968), where the Supreme Court of Alabama stated:
The right to protection against an unlawful search is personal, and a defendant in a criminal case who denies any proprietary or possessory interest in seized property has no standing to object to the method of seizure... .
Of interest, Fisher, Search and Seizure, section 57, page 106 (1970).
We determine the contentions of the appellants relating to the search of the automobile to be without merit.
We have reviewed the records in their entirety and find there was sufficient evidence in each to uphold the jury verdict. There being no merit in the assignments of error, we conclude that the verdicts and sentences of the trial court should be affirmed.
Affirmed.
GILLESPIE, C.J., and SMITH, ROBERTSON and SUGG, JJ., concur.