GRIFFIN, Justice,
for the Court:
Rodney Eugene Baskins, a/k/a Tarzan, appeals the judgment of the lower court in which he was convicted of simple possession of more than one ounce of marijuana in violation of Miss.Code Ann. § 41-29-139(c)(2)(C) (Supp.1986), and sentenced to serve three (3) years in the Mississippi Department of Corrections and pay a fine of $1,500. We have reviewed thoroughly all the evidence and discussed his assigned error as to his voir dire trial, sentence and the admissibility of certain evidence. And, with the exception of the raised issue of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), in which the defense challenges the State’s use of all its peremptory challenges to exclude blacks from the jury without specifically neutral explanation or justification, we have found all other errors cited to be totally meritless. However, because of Batson, we deem it necessary to remand to the lower court.
Since the record is unclear as to whether there has been a waiver of his Batson claim, we believe it necessary to remand for a hearing on the Batson issue.
On April 17,1985, Detective Andy Waller of the Oxford Police Department obtained a search warrant for Building 120, Apt. # 2 of Eastview Homes in Oxford, Lafayette County, Mississippi — the residence of Rodney Eugene Baskins, a/k/a Tarzan — for marijuana, cocaine and all related drug paraphernalia, contraband and instrumentalities used in the commission of a crime. Officer Waller was accompanied by Patrolmen Mike Martin and Lyndon Carpenter. Inside the apartment were Baskins, Annie Ruth Manning, Tennie Phillips, Arthur Pet-tis and Manning’s small child. Waller knocked at the door and was told to come in. He entered the apartment and handed the search warrant to Baskins. Waller then told everyone else to stay still.
As a result of the search, several boxes containing bags of marijuana and a set of scales were found. Later testimony by Joe Lee Williams, a state forensic drug analyst, showed the weight of the marijuana to-talled 521.6 grams or approximately 16.6 ounces of the drug.
Baskins was indicted on July 31, 1985, for possession of more than one ounce of marijuana with intent to distribute. Immediately after tendering of jurors and the peremptory challenging thereof, counsel for defendant approached the lower court for the purpose of making a record of the race of each juror on the entire venire and to make a motion to quash based on the State’s actions, which produced a panel of 11 whites and 1 black.
In a Bill of Exceptions entered by the lower court on May 20, 1986, after the conclusion of Baskins’ trial, the trial judge states that he ordered defendant’s attorney to refrain from making his motion to quash the panel and requests for proofs regarding the race of the jurors until after the court had the opportunity to seat and swear in the jury and to allow opening arguments.
*1122 Further, the Bill of Exceptions states that defendant’s attorney made his motion to quash the jury panel after the jury was seated and sworn in, and after opening arguments were completed, with the same effect as if timely made.
Finally, the Bill of Exceptions notes that “[t]he record does not reflect the requests that the defendant’s attorney made to the court, before the jury was seated and sworn in, and this Bill of Exceptions is therefore made to supplement the record to reflect the timeliness of the defendant’s attorney’s motion to quash the jury panel and the request that a record of the race of each juror of the venire be made. Such motion to quash of the jury panel and the record of race of each member of the jury venire, subsequently heard and allowed, were timely made and should therefore relate back to before the jury was seated and sworn.”
At a post-trial hearing on a motion for a new trial, the appellant did show that the State exercised all of its peremptory challenges in excluding blacks. At this time, the Batson opinion had not been rendered so the district attorney did not come forward with neutral, non-race explanations for his peremptory challenges.
For the reasons stated, we find that Baskins has successfully raised a Batson issue within the parameters of our procedural guidelines, which provide that failure of defense counsel to timely object to the State’s peremptory challenges bars later attempts to advance that claim on appeal. Thomas v. State, 517 So.2d 1285, 1286 (Miss.1987). See also, Irving v. State, 498 So.2d 305 (Miss.1986).
No such waiver occurs in the case at bar, and defendant’s refusal to accept the jury in its present state allowed later challenge to its composition. See, e.g., Watkins v. State, 262 So.2d 422 (Miss.1972); Holloway v. State, 242 So.2d 454 (Miss.1970).
Following what we said in Williams v. State, 507 So.2d 50 (Miss.1987), this case is remanded to the circuit court with instructions that a hearing be conducted as provided in Williams, supra, and should it be found there was purposeful discrimination, a new trial shall be ordered but on the other hand, should no impermissible discrimination be found, a return shall be made to this Court containing the record of such hearing and the findings of fact therein.
REMAMDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, PJJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.