SMITH *v*. STATE.

(Division B. Nov. 7, 1932.)

[144 So. 233. Mo. 30283.]

Roy Arnold, of Jackson, for appellant.

464

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

Argued orally by **Roy Arnold,** for appellant, and by **W. D. Conn, Jr.,** for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant was indicted on the charge of burglary and larceny of certain merchandise from an Illinois Central Railroad Company's car in the city of Jackson, Mississippi, and was convicted and sentenced to serve two years in the state penitentiary, from which conviction this appeal is prosecuted.

When the detective who had charge of the matter sought to arrest the appellant, he resisted and was shot by the officer; the wound being a flesh wound. He attempted then to escape, was caught, and confessed to the robbery, implicating another. He was carried to the

Charity Hospital and his wound was dressed, and while there, in charge of the police officers of the city, he made a full confession implicating another person. When this confession was offered, it was objected to on the theory that the appellant was drunk, and unable to appreciate the effect and the consequences of what he was doing.

The trial judge heard all the testimony bearing on his condition, and there was testimony showing that he was thoroughly normal and that the confession was free and voluntary, in all respects. There was other testimony that he was drunk, but the physician who treated him said that he observed nothing abnormal about his mental condition, and that if he had been in an irresponsible condition they would have kept him at the hospital.

The competency of the confession is primarily for the trial judge, and if there is evidence to sustain his findings, and it is not overwhelmingly contrary to the weight of all the evidence, his ruling will be upheld.

The evidence in this case was ample to show that the confession was free and voluntary, and that the appellant was in a normal mental condition, fully able to appreciate the nature and consequences of his act.

There is an instruction given for the state to the effect that a person who voluntarily becomes intoxicated cannot escape the consequences of the crime committed while intoxicated.

As applied to the case at bar as disclosed by the record, we do not think the instruction was erroneous. The great weight of the evidence was to the effect that the appellant was not intoxicated to the extent that he did not know right from wrong. The judgment will, therefore, be affirmed.

Affirmed.