## ASHLEY *v.* STATE.

(Division B. May 8, 1933.)

[147 So. 879. No. 30549.]

O. O. **Weathersby,** of Taylorsville, for appellant.

Herbert Nunnery, Assistant Attorney-General, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant, Rob Ashley, was indicted and convicted of assault and battery with intent to kill and murder one

S. B. Norris, and was sentenced to one year in the penitentiary.

It appears that Rob Ashley and his son, Ernest Ashley, were share croppers on the land of S. B. Norris in Smith county, and that they had procured from the government aid in making the crop, and the government was taking a certain part of the cotton when it was sold and permitting a part thereof to be paid to the owner. The appellant and his son had carried four bales of cotton to the gin and had not paid Norris his portion of the proceeds due for rent and supplies. On the occasion of the assault, Norris had gone to the gin to check up the cotton ginned and the amount paid to Rob Ashley, and while there, Rob Ashley and his son, Ernest, came to the gin with the fifth bale of cotton.

The prosecuting witness, S. B. Norris, narrates the occurrences at the time as follows: "I took down on a piece of paper the numbers of the bales and the amount paid. I took it down on a piece of paper and by the time I had done that Mr. Ashley had gotten there with his fifth bale. I told Mr. Butler not to pay him any more until I got my part. I says, 'Mr. Butler, all I want is my part.' And I says to Mr. Ashley, 'Rob, I want to explain this to you,' and I went ahead to explain it to him. Then Rob jerked a claw hammer out of his pocket and drew on me and I threw up my hands and says, 'Rob, don't you hit me with that hammer' and it seemed that kinder checked him, and about that time Ernest came in and hit me with a piece of iron, and I crumpled down, and I got another lick back here, back of my ear, and I don't know who hit me that lick."

The said Norris was struck two licks, one of which was admittedly struck by Ernest Ashley, son of the appellant, who, at the time of the trial, was dead. There were several people who saw Ernest strike this blow, but none of them saw who struck the second lick. Norris was unable to say who struck the second lick. Nor-

ris was carried to the hospital and his wounds were attended to, and the physician testified that one of the wounds appeared to be a flat injury, and the other appeared to have been struck with a round instrument broader than a hammer; and, it is without dispute, that Ernest Ashley struck Norris with a car jack. Some of the witnesses, who saw the occurrence, ran to where Ernest Ashley was, and they stated that he had the car jack drawn as if to strike, and they called to him not to do so. Some of the witnesses testified that the appellant had the hammer brandished in the air when they first saw him, while others said he had his hands down by his side.

The appellant, personally, did not testify, but a number of people who were there testified, although none of them saw who struck the second blow.

The state was granted the following instruction: "The court instructs the jury for the State that if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant and Ernest Ashley, being armed with deadly weapons, to-wit; a hammer and automobile tool, approached witness, S. B. Norris, and provoked a difficulty with him, and that Ernest Ashley turned on witness, Norris, with a deadly weapon and did then and there wilfully, unlawfully, feloniously and of his malice aforethought strike and wound witness, Norris, not in his necessary self-defense and at a time when he, Ernest Ashley, nor the defendant, were in no real or apparent danger of losing their own life or lives or sustaining some great bodily harm at the hands of witness, Norris, and that the defendant was present with a deadly weapon, a hammer, aiding and abetting in said difficulty at the time Ernest Ashley struck and inflicted the wounds on witness, Norris, and under these circumstances, the said Ernest Ashley, struck and wounded witness, Norris, as testified about, then it is your sworn duty to find the defendant guilty as charged."

It is urged that there is no proof that the appellant, Rob Ashley, struck any blow, and no proof that there was any conspiracy between him and Ernest Ashley, deceased, for which appellant could be made responsible for what Ernest did.

We do not think the instruction constitutes reversible error when applied to the facts in the case. The appellant, Rob Ashley, had drawn his hammer and had been called not to hit Norris; but, at the same moment, Ashley's son, Ernest, was near armed with a car jack and struck the blow. It is significant that both parties were at the place of the difficulty, and both were armed with instruments or weapons, and that the assault was started by the appellant; and we think that, from the nature of the wounds on Norris' head, the jury might reasonably have inferred that one blow was struck with a hammer and the other with a car jack. At any rate, the parties appeared to have acted jointly, one aiding and abetting the other, and that when the appellant started the difficulty, the other was there aiding and assisting him in any respect that might become necessary in the course of the combat.

We think there is no reversible error herein, and the judgment of the court below will be affirmed.

Affirmed.