PATTON *v.* STATE.

In Banc. May 8, 1950.

No. 37420 (46 So. (2d) 90)

Sam **E. Lumpkin** and **R. L. Burgess,** for appellant.

**R. O. Arrington,** Assistant Attorney General, for appellee.

**Hall, J.**

Pursuant to a valid search warrant a group of officers searched appellant's automobile and found on the floor between the front and rear seats a cardboard carton containing about 15 or 18 bottles, all practically empty,

but by pouring all the contents into one half-pint bottle they managed to accumulate intoxicating liquor therein to the depth of about one inch, being approximately one or one and one-half ounces.

Two affidavits were made against appellant in a justice of the peace court, one for the unlawful possession of intoxicating liquor, and one for public drunkenness. Upon a trial by jury he was acquitted of the second charge and convicted on the first charge. From that conviction he appealed to the circuit court and upon a trial de novo he was again convicted and appeals here.

██ ██ Appellant testified in his own behalf and on cross-examination he was asked by the prosecuting attorney whether he had been drinking that day before the search and he replied that he had not. In rebuttal the prosecution offered two officers as witnesses and over appellant's objection the trial court permitted these witnesses to testify that appellant was under the influence of intoxicating liquor at the time of the search. We are of the opinion that this was such error as to require a reversal of the case for another trial. The issue on trial was whether appellant was guilty of the unlawful possession of intoxicating liquor. He was not on trial for public drunkenness and had already been acquitted of that charge. ██ ██ "It is a general rule of law that the evidence must be confined to the point in issue, and that in criminal cases, especially, the facts laid before the jury should consist exclusively of the transaction which forms the subject of the indictment." Rains v. State, 81 Miss. 489, 497, 33 So. 19, 20. "The general rule is that proof of a crime distinct from that alleged in the indictment should not be submitted in evidence against the accused. There are well-defined exceptions to this general rule, which are sufficiently stated in the cases of Dabney v. State, 82 Miss. 252, 33 So. 973, Collier v. State, 106 Miss. 613, 64 So. 373, and Hurd v. State, 137 Miss. 178, 102 So. 293, 295, but the evidence here

admitted does not come within any of these exceptions."
Baygents v. State, 144 Miss. 442, 446, 110 So. 114, 115.

 Moreover, this rebuttal testimony served only
to contradict appellant on a purely collateral matter, and
the rule is well settled that it is not competent to contra-
dict a witness on an immaterial or collateral matter. See
Walker v. State, 151 Miss. 862, 119 So. 796; Cofer v.
State, 158 Miss. 493, 130 So. 511, and the numerous
authorities therein cited.

We find the other assignments of error to be without
merit, but for the error indicated the cause is reversed
and remanded for another trial.

Reversed and remanded.