BROWN *v.* STATE.

No. 39726      June 13, 1955      80 So. 2d 761

*John T. Barrett,* Tupelo, for appellant.

*Joe. T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

Appellant was convicted of making and issuing a bad check in payment of a load of watermelons with intent to defraud the payee, the seller of the melons, and of obtaining the melons by means of the check. The court allowed the State to prove that appellant had given checks to other persons, and that these other checks, not connected in any way with the transaction for which appellant was being tried, were returned by the bank unpaid because of insufficient funds in appellant's bank account. This is the sole error assigned here.

It is a settled rule of law that the evidence in a criminal case must be confined to the point in issue;

that the facts laid before the jury should consist exclusively of the transaction which forms the subject of the indictment; and that proof of crimes distinct from that alleged in the indictment should not be admitted in evidence against the accused. Patton v. State, 209 Miss. 138, 46 So. 2d 90; Pegram v. State, 78 So. 2d 153; Willoughby v. State, 154 Miss. 653, 122 So. 757. The reason for the rule is to prevent oppression in criminal cases. The evidence of other crimes tends to divert the minds of the jury from the true issue, and to prejudice and mislead them. The accused may be able to meet the specific charge, but he cannot be prepared to defend against all other charges that may be brought against him. Floyd v. State, 166 Miss. 11, 147 So. 879.

There are exceptions to the rule as to admission of evidence of other offenses which are stated in Floyd v. State, supra. The admission of the evidence complained of in this case does not fall within the exceptions to the rule.

The error complained of was highly prejudicial, and requires reversal of the case. Brooks v. State, 209 Miss. 150, 46 So. 2d 94.

The attorney for appellant sought to show that appellant had given the seller of the melons, the payee of the check in question, two previous checks that were returned by the bank unpaid. The apparent purpose of this was to show a course of dealing between appellant and the prosecuting witness whereby the seller of the melons would hold appellant's check until appellant could get the money in the bank to make the checks good, and that the payee knew the check was not good when he parted with his property. Of course, if such understanding existed between the parties, there was no intent to defraud, and no crime was committed. This was the substance of the defense in this case. We hold that the introduction of evidence by appellant as to the previous checks between the same parties, for the purpose of showing

such course of dealing, would not justify the State in introducing evidence of bad checks given to third parties when such other bad checks had no relation to the transaction at issue.

Reversed and remanded.

*Roberds, P. J.,* and *Lee, Arrington* and *Ethridge, JJ.,* concur.