ETHRIDGE, Chief Justice.
Samuel H. Cooper, appellant, was convicted in the Circuit Court for the First Judicial District of Hinds County of armed robbery, and was sentenced to serve ninety-nine years in the state penitentiary. Miss.Code 1942 Ann. § 2367 (1956).
The evidence without any real dispute established that Cooper was guilty of the offense charged, and that on the day in question, May 2, 1967, he was of sound mind and knew the difference between right and wrong. The record reveals an especially exaggerated case of armed robbery. Around eight P.M., Cooper and his accomplice, Donald Hughes, entered the building of Cole Bros. & Fox Wholesale Grocery of Canton. Cooper grabbed James H. Fox, president of the company, cursed him and threatened to blow his brains out. He hit Gilmore on the head with the butt of his pistol, and made them both lie down on the floor. He and Hughes, on threat of killing James Fox, made him open the safe from which they extracted about $2600. They waited for a time for another salesman, Shelby Fox, to come in with his collections for the day, then beat him up and took cash from another safe and a watch and ring from Gilmore. James Fox was not able to open another safe, so defendant, stating he would kill him, shot at and narrowly missed him. Defendant, after threatening to kill Shelby Fox, shot him in the arm. Defendant and Hughes then tied the men up, and undertook to make their escape. They had been on company premises for over an hour. Hughes testified for defendant, and admitted most of these acts. In short, the evidence is virtually undisputed that Cooper was guilty of the offense charged.
Canton Policeman Goolsby followed the car driven by Cooper, which was speeding in the city. When defendant stopped and got out, the officer told him he was under arrest. While he was searching Cooper, Hughes stepped out the other side of the car and began shooting at Goolsby. The officer replied, and in the meantime Cooper had jumped in a ditch. Goolsby then testified that Cooper shot him in his right leg. Defendant’s objection to this latter statement was sustained, and the trial court instructed the jury to disregard Goolsby’s statement with reference to defendant shooting him. Defendant’s motion for a mistrial was overruled. There was no error in this action of the trial court. *876 It promptly sustained defendant’s objection, and admonished the jury. Moreover, this evidence was properly admissible within the trial court’s sound discretion, since it dealt with an event immediately following the robbery and part of the chain of circumstances evidencing motive and intent. Even if error, it was harmless.
Cooper’s principal defense was insanity, but the evidence to support it was relatively slight, and the jury could accept, as it did, the testimony of the lay witnesses and a psychiatrist for the state. Defendant testified that around 2-2:30 P.M. on the afternoon in question he and Hughes went to a Jackson restaurant, where he had two martinis and a steak. Sometime during that afternoon he smoked two marijuana cigarettes. Defendant did not enter the wholesale grocery company building until around eight o’clock that night. Specific intent must be shown' under the armed robbery statute. Miss.Code 1942 Ann. § 2367 (1956).
However, it was not reversible error for the court to grant the state an instruction that the fact that defendant may have “voluntarily used and been under the influence of marijuana and/or alcohol at the time and on the date in question is not a defense in this case.” The evidence was wholly insufficient to indicate that defendant was so intoxicated or under the influence of marijuana that he did not know right from wrong. Smith v. State, 165 Miss. 462, 144 So. 233 (1932).
The trial court granted defendant five instructions on his plea of insanity. They fully set forth his defense. We therefore do not think that it was reversible error for the court to refuse to grant him the additional requested instruction pertaining to insanity. Nor was it error for the trial court to refuse the requested instructions dealing in various ways with specific intent. One of them was inconsistent with the correct right and wrong test, and another was argumentative. The jury was adequately instructed on this issue. Moreover, although some of the actions by the trial court as to instructions may have been technically erroneous, when considered as a whole the jury was adequately instructed on the issues. On this record no intelligent jury mindful of its obligations and responsive to its oath could have found the defendant innocent. Any errors with regard to instructions were harmless beyond a reasonable doubt. Miss.Sup.Ct. Rule 11 (1967).
Affirmed.
GILLESPIE, P. J., and JONES, PATTERSON and ROBERTSON, JJ., concur.