BRADY, Justice:
This is an appeal from the Circuit Court of Scott County, Mississippi, wherein the appellant was found guilty of breaking and entering with felonious intent to rape or ravish a young girl. From a verdict of guilty and a judgment based thereon sentencing the appellant to fifteen years in the state penitentiary at Parchman, Mississippi, this appeal is prosecuted.
Stated as tersely as possible, the cardinal facts are as follows: On July 11, 1971, a young black male broke into the home of John H. Jones near Sebastapol, Mississippi, and attempted to rape Mr. Jones’ thirteen year-old daughter, Pequita. The Negro was frightened by her screams and fled through the window by which he had entered. Mr. Jones immediately took Mrs. Jones and Pequita to look for the intruder. They went first to the home of Bennie Burkes, who worked and lived on the Jones’ farm. There Mr. Jones inquired about Bennie’s boys and was told that none of them were at home that night. Mr. Jones then proceeded over to another house on his place where appellant lived with his wife and her parents. After establishing that appellant was at home, Mr. Jones requested that appellant come out, which he did. There is conflicting testimony as to whether Pequita immediately identified appellant as the intruder or if she asked appellant, “Did you do it?” Appellant was placed in the Jones’ car while Mr. Jones called the sheriff and related the facts to him. Mr. Jones then carried the appellant to the home of appellant’s sister-in-law and asked that they hold him there until he returned with the sheriff. The Jones family, appellant, the sheriff and other police officers then went to the Jones’ home to make an investigation. The sheriff found footprints leading from the corner of the house onto a road that runs just a few feet from the house. The sheriff followed the tracks to the house where appellant lived, after once losing them due to the hard ground. A pair of tennis shoes was found under appellant’s bed with treads matching those left by the tracks from the Jones’ house.
Appellant was placed under arrest in the city jail at Forest. The sheriff requested and obtained an investigator, a Mr. John Coleman, from the Mississippi Highway Patrol to help question the appellant. A waiver of rights and a confession were obtained by Mr. Coleman, with appellant’s mark on both papers. Appellant cannot read nor write and can only sign his name with an “X”. The confession recites that on a former night the appellant had entered the Jones’ home by removing a screen and going through the window into Pequita’s room; that he became frightened and left. Several nights later, on Saturday, the appellant made the trespass which is complained of in this cause.
Appellant explains his absence from home that night by saying he went to Bennie Burkes’ house early that night to borrow some money and a cigarette; that he then returned home on the road that runs next to the Jones’ house and went to bed. Bennie Burkes testified that appellant did come to his house that night sometime after 9:00 p. m. and left a few minutes later. The crime was committed later the same night, shortly after 10:00 p. m.
Pequita Jones testified that she unquali-fiedly recognized and identified the appellant when she first saw him come from the house. Appellant testified that Pequita twice asked him, “Did you do it?” He further testified that his wife heard Pequi-ta both times she questioned him. The record discloses that appellant’s wife was seriously ill in the University Hospital at the time of the trial and was unable to talk.
Numerous errors are assigned by the appellant but we will consider only those which merit the attention of the Court in the disposition of this case.
Appellant first urges that the trial court erred in not granting a continuance upon his motion so that his wife might tes *864 tify in his behalf that Pequita asked him, “Did you do it?” The rule as stated in Mississippi Code 1942 Annotated section 1520 (1956) is as follows: “A denial of the continuance shall not be ground for reversal unless the Supreme Court shall be satisfied that injustice resulted therefrom.” The law of this state has long been that unless the trial judge abuses his discretion in denying a motion for continuance this Court will not overrule his decision. We do not find any merit in the contention that the trial judge abused his discretion in the case at bar.
Appellant next urges that reversible error was committed by the trial court in not granting appellant a continuance on his motion therefor which was made at the conclusion of his testimony and in not declaring a mistrial because of the court’s not granting his earlier motion for a continuance. This issue must resolve itself in the answer given for the first error assigned which has application here.
The third error assigned is the one which has caused this Court the greatest concern, namely, that the trial court committed reversible error in permitting into evidence the alleged confession and the alleged waiver of rights allegedly executed by the appellant over appellant’s objection. Whether or not this is error depends upon whether or not the waiver and confession were knowingly and voluntarily given. This is a question of law for determination by a court in the absence of a jury, and if the court properly holds that constitutional requirements were met, then the jury is entitled to consider the issue of whether or not the waiver and confession were freely and voluntarily executed. It is the opinion of this Court that the necessary warning was given as required under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The state offered all officers present at the time of questioning which is sufficient to show that the defendant freely and voluntarily made a confession. Stevens v. State, 228 So.2d 888 (Miss. 1969).
The fourth error assigned by appellant is that the trial court erred in allowing Pequita Jones to testify that she had seen appellant peeping into her window just a few nights prior to the attempted assault. We hold that the occurrence Wednesday night and the occurrence Saturday night are within close proximity in both time and scheme and conclude that this testimony was admissible.
For the above reasons the judgment of the lower court is affirmed.
Affirmed.
GILLESPIE, C. J., and JONES, IN-ZER and SUGG, JJ., concur.