451 So.2d 724 (1984)
Eddie Lee WILSON
v.
STATE of Mississippi.
No. 54827.
Supreme Court of Mississippi.
May 9, 1984.
Carroll Rhodes, Hazlehurst, for appellant.
Bill Allain, Atty. Gen. by Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and HAWKINS and PRATHER, JJ.
PRATHER, Justice, for the Court:
This is the second appeal from the Copiah County Circuit Court by Eddie Lee Wilson of criminal convictions arising out of *725 one incident. This Court is simultaneously affirming a conviction of attempted rape carrying a ten year sentence. This charge is that of armed robbery of a general store known as the W.W. Dixon Store, which conviction drew a thirty-five year sentence in the custody of the Mississippi Department of Corrections to run consecutively to the attempted rape sentence.
Wilson argues that the trial court committed error in the armed robbery trial by:
(1) Overruling the motion to suppress the defendant's confession;
(2) In not admitting the entire medical record of the defendant;
(3) Overruling defendant's motion to suppress identification testimony and admitting it into evidence;
(4) Commenting before the jury as to the voluntariness of the confession;
(5) Denying a new trial on defendant's charge that the jury selection systematically excluded black persons;
(6) Denying defendant's requested instructions;
(7) Granting the state's requested instructions; and
(8) Denying the defendant's motion to quash the indictment.
Additionally, the defendant assigned error that the jury's verdict was the result of bias and prejudice and against the overwhelming weight of the evidence.

I.
Mrs. W.W. Dixon owned and operated a grocery store near Hazlehurst. On December 30, 1977, while alone in the store, Mrs. Dixon was robbed at gunpoint of approximately $2,500.00 cash by three men.[1] On January 7, 1978 Eddie Lee Wilson was arrested, and gave a statement to the sheriff on January 8, 1978. Wilson received medical treatment and hospitalization while in the sheriff's custody. A woman, believed to be Wilson's mother, told the sheriff that a tree had fallen on Wilson at a prior time which resulted in his having headaches. Wilson contended that he was beaten after being jailed, but no testimony admitted identified the alleged assailant.
In a preindictment lineup identification procedure, Mrs. Dixon identified Eddie Lee Wilson as one of her assailants. Wilson was indicted for armed robbery, tried, and convicted.

II.
The first three assigned errors here, that of voluntariness of the confession, admission of medical record, and the preindictment identification procedure, were all addressed in the first Wilson appeal. (Wilson v. State, 451 So.2d 718 (Miss. 1984). All of these assignments were found to be without merit. Therefore, we adopt the prior holding and do not repeat the discussion here.

A.
The trial court heard and ruled against the appellant's motion to suppress the confession prior to trial. At trial before the jury, at the admission of the confession into evidence, defense counsel renewed his objection to the confession, and the following proceedings were had:
BY MR. ALEXANDER:
We object to testimony on the grounds that it is objected to the Court in a pre-trial Motion to Suppress the Statement. To reiterate, we object to any statement given to the Sheriff that was not voluntary. That it was in violation of the 4th, 5th and 6th and 14th Amendments of the United States Constitution and should be excluded and no reference to any such statement should be made at this trial.
BY THE COURT:
After hearing the Motion to exclude and all evidence pertaining thereto, the Court has ruled that the statement was freely and voluntarily given. That the defendant had been advised of his Constitutional rights. There was no coercion, threats, promises or force used.

*726 BY MR. ALEXANDER:
We object to that and move for a mistrial in light of the Court giving his ruling in open Court at this time.
BY THE COURT:
You asked ___
BY MR. ALEXANDER:
___ No, sir. I merely renewed our objection.
BY THE COURT:
You asked for a ruling. The Court had given you a ruling. You made an objection and the Court ruled on your objection.
BY MR. ALEXANDER:
We move for a mistrial in light of the fact that the Judge made the ruling in open Court before the Jury.
BY THE COURT:
Overruled.
The appellant Wilson asserts as error here that the trial court's remarks consisted of a peremptory instruction on the voluntariness of the confession and removed the factual issue of credibility and weight from the jury's determination. Thus the question is presented here of whether the trial court's remarks constitute reversible error.
The admissibility of a confession is for the determination of a trial judge. Brook v. State, 178 Miss. 575, 582, 173 So. 409, 411 (1937), Anderson v. State, 241 So.2d 677 (Miss. 1970). The admissibility of the confession, however, is to be distinguished from the issue of its credibility and its weight. The distinction has been enunciated by this Court. In McNeal v. State, 405 So.2d 90 (Miss. 1981), this Court stated that "(t)he competency of a confession as evidence is for the court to decide as a matter of law, while the weight and credibility of a confession is for the jury to decide along with other testimony and physical evidence." Ruffin v. State, 447 So.2d 113 (Miss. 1984), McNeal v. State, 405 So.2d 90, 92 (Miss. 1981), Craft v. State, 380 So.2d 251 (Miss. 1980), Norwood v. State, 258 So.2d 756 (Miss. 1972).
Once a confession is admitted into evidence, a defendant is entitled to submit evidence and have the jury pass upon the factual issues of its truth and voluntariness and upon its weight and credibility. Anderson v. State, 241 So.2d 677 (Miss. 1970). The defendant may offer proof to show that the confession is untrue and explain why he made the untrue statement. Anderson, supra. 2 Wharton's Criminal Evidence (12th ed. 1955) § 359, p. 141.
Once this rebuttal or impeachment testimony is offered, then the jury may conclude that the confession, though found by the court to be voluntary, is untrue and not entitled to any weight. Anderson, supra. Confessions are not conclusive and may be weighed as to their credibility under the circumstances by the jury. This is a matter for the jury and not the court. Diddlemeyer v. State, 234 So.2d 292, 296 (Miss. 1970).
In the case sub judice, the Court had determined at the suppression hearing that the confession was competent evidence to be admitted. At trial, the state offered it into evidence and defense counsel renewed his objection to its introduction, specifying that it was involuntary.
Thereafter, the trial court responded to the remark, in presence of the jury, stating that it had ruled the confession was freely and voluntarily given, and that "(t)here was no coercion, threats, promises, or force used." These remarks by the trial court amounted to a peremptory instruction on the confession and removed from the jury its function of deciding the credibility of the confession and the weight to be given to the testimony of the witnesses surrounding its execution. Weight and credibility of the witnesses as to these matters were for the jury. This Court has acknowledged that judges unconsciously exert tremendous influence in the trial of a case, and they should be astutely careful so that unintentionally the jurors are not improperly influenced by their words and actions. Yelverton v. State, 191 So.2d 393 (Miss. 1966); Roberson v. State, 185 So.2d 667 (Miss. 1966).
*727 This Court in Stallworth v. State, 310 So.2d 900 (Miss. 1975) addressed a similar question involving a comment by the trial judge on the weight and credibility of a witness. A defense witness had made a statement to a sheriff, but testified differently at trial. Defense counsel's objection was sustained when the state attempted to impeach the witness with the prior statement. After the state's cross-examination was completed, the witness asked if he could say something to which the court replied in the presence of the jury.
"BY THE COURT: No, you better go on down with your lawyer. You are not on trial here; but, if I catch you telling an untruth here, you will be in front of me here.
A mistrial was asked for outside the presence of the jury and denied.
Applying Mississippi Code Annotated section 99-17-35 (1972) which states: "The judge in any criminal cause, shall not sum up or comment on the testimony, or charge the jury as to the weight of evidence; ..." This Court wrote:
We are of the opinion that the language of the trial judge in the case at bar was a comment on the testimony of Miller, and indicated to the jury the weight that they should give to this evidence. This was specifically prohibited by the statute. The judgment is reversed and this cause remanded for a new trial.
(Id. at 902).
Stallworth v. State, and section 99-17-35 of the Mississippi Code Annotated (1972) are controlling here and require a reversal in this case.
At the conclusion of the trial, when the court instructed the jury in writing on the law, there was no corrective instruction given to inform the jury of its function of determining the weight and credibility of the confession with the other testimony and physical evidence.
We, therefore, hold that these remarks constitute reversible error which requires a reversal and remand for a new trial.

B.
The court does not address the other assignments of error as the case is remanded for retrial, and no direction by this Court in its advisory capacity is necessary.
REVERSED AND REMANDED FOR A NEW TRIAL.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P. JJ., and BOWLING, HAWKINS, DAN M. LEE, ROBERTSON and SULLIVAN, JJ., concur.
NOTES
[1] An out-of-time appeal was allowed by this Court on May 20, 1981.