457 So.2d 920 (1984)
Karl J. LEE
v.
STATE of Mississippi.
No. 55116.
Supreme Court of Mississippi.
October 3, 1984.
*921 John R. Reeves, Jackson, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by John H. Emfinger, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before BOWLING, HAWKINS and SULLIVAN.
SULLIVAN, Justice, for the Court:
Appellant, Karl J. Lee, was convicted of grand larceny and as an habitual criminal in the Circuit Court of Hinds County, Mississippi, and sentenced to five years without parole in the custody of the Mississippi Department of Corrections, and fined $1,000.00. Finding no error, we affirm.
At approximately 11:30 on the night of January 2, 1982, Tim Roberson's 1978 Volkswagen was stolen from his driveway. On January 5, 1982, the appellant was arrested at a roadside park in Hernando, Mississippi. When arrested he was behind the wheel of the Volkswagen and was accompanied by one David Perkins.
On January 6, 1982, Officer J. Burkett transported Lee from Hernando to Jackson. At the corner of Pearl and South State streets Lee escaped from Burkett.
On January 11, 1982, Lee surrendered to the Jackson police. That same day, he made a statement about the crime to Officer Burkett.
On January 13, 1982, Lee gave Burkett yet a second statement concerning the theft of the automobile.
Appellant filed a motion to suppress the statements, based upon the ground that they were obtained by promises of leniency. At the suppression hearing, the appellant testified that on January 11th Burkett was angry with him for running away with Burkett's handcuffs, but that in spite of this anger Burkett promised leniency if he would make a statement. The appellant denied the January 11th statement was made in the presence of Sgt. J.B. Williams.
The appellant admitted that on January 13th he signed a waiver of rights but he denied that former Detective Necaise was present on that occasion. He also denied that he ever told Burkett that he stole the automobile, but asserted that he had told Burkett that Perkins took the car and picked him up later in the evening.
Officer Burkett testified that on the 11th he gave Lee his Miranda warnings in the presence of Sgt. Williams, and then Lee admitted that he and Perkins took the automobile but that Perkins was the driver. Burkett further testified that on January 13th he obtained a signed waiver of Miranda rights from Lee, which both Burkett and former detective Necaise witnessed. Lee then made a statement that he alone took the automobile. Burkett denied that Lee was coerced, threatened or offered any hope of leniency or reward to induce him to give either statement.
Officer Williams testified that on January 11th, 1982, he heard Burkett give Lee his Miranda rights. Williams further said no one threatened Lee or offered him leniency.
Former detective P.R. Necaise testified at the suppression hearing that on January 13th, 1982, he witnessed Burkett give Lee his Miranda rights and was present when Lee signed a waiver of those rights. No promises of leniency, threats or hopes of reward were made to Lee in Necaise's presence.
At the conclusion of the suppression hearing, the trial judge overruled the motion to suppress the statements. The trial court also denied the appellant's motion in limine to suppress the evidence of his escape from Officer Burkett.
At the trial, Burkett testified regarding Lee's escape and his statements of January 11th and January 13th, 1982.
After the state rested, appellant moved to require the state to produce all of the witnesses to the statements in order for *922 the jury to pass upon their credibility. This motion was overruled. Appellant then moved for a directed verdict on the ground that the state had failed to prove that Lee actually got in the automobile and drove it away. This motion was also overruled.
Appellant then called Officer J.B. Williams as an adverse witness and Williams repeated his testimony that on January 11, 1982, he heard Lee tell Officer Burkett that he and Perkins had taken the car and that Perkins had driven it away.
The appellant's sister then testified that on the night of the theft the appellant was at her home from 9:00 p.m. until 2:00 a.m.
The appellant himself testified that he was at his sister's house from 9:00 p.m. until 1:30 a.m., and that Perkins called him and picked him up about four blocks from his sister's home at approximately 2:00 a.m.
The appellant denied that he was guilty of the charge of auto theft but admitted to two prior burglary convictions. He also denied that he had ever told any officer that anyone other than Perkins drove the car away.

I.

MUST THE STATE PRODUCE AT TRIAL EVERY WITNESS TO A STATEMENT SO THAT THE JURY MAY PASS UPON THE CREDIBILITY OF EACH OF THE WITNESSES?
Agee v. State, 185 So.2d 671 (Miss. 1966), requires that at a pre-trial hearing on the voluntariness of a statement once the accused puts in issue that voluntariness the state must offer all witnesses who were present at the questioning and the confession or give an adequate reason for their absence.
Anderson v. State, 241 So.2d 677 (Miss. 1970), holds that, while it is initially for the trial court to rule upon the voluntariness of the confession, the appellant is entitled to have the jury pass upon the factual issues with respect to its truth and voluntariness. The jury does evaluate the weight and credibility of the witnesses as to the matters surrounding the confession.
We have reiterated twice this year that the weight and credibility of an accused's confession is for the jury to decide. Wilson v. State, 451 So.2d 724, 726 (Miss. 1984); Ruffin v. State, 447 So.2d 113, 116 (Miss. 1984).
These cases stand for the proposition that, after the trial judge has ruled upon the voluntariness of the confession, the accused is entitled to have the jury evaluate the weight and credibility of the confession. But, in none of the cases cited by appellant has this Court compelled the state to produce all of the witnesses at trial to rebut the accused's allegations that the confession was involuntary, in order that the jury may pass upon the credibility of each and every witness.[1]
To the contrary, this Court has held, in McNeal v. State, 405 So.2d 90 (Miss. 1981), that it was within the State's discretion to recall all the officers to testify at trial to the voluntariness of the confession. Id. at 92. In McNeal, supra, this Court said:

*923 The question before the Court is whether, after a suppression hearing has been held in accordance with the dictates of Agee, it is necessary for the state to recall all of the officers present when the confession was taken and signed to again rebut the defendant's allegations of coercion after she testified in her defense before the jury. We answer that question in the negative. Once the court has ruled, as a matter of law, that a confession was freely and voluntarily given, and it is admitted into evidence, the jury is the sole judge of its weight and worth as evidence in determining the guilt or innocence of the defendant. Although it is within the discretion of the state to recall the officers, or any particular officer, to rebut the defendant's claim of coercion or mistreatment, there is always the practical risk that the jury will believe the defendant and fail to give the confession any weight in its deliberations.
The competency of a confession as evidence is for the court to decide as a matter of law, while the weight and credibility of a confession is for the jury to decide along with other testimony and physical evidence.
Once a suppression hearing has been held in strict accordance with the mandate of Agee, outside the presence of the jury, and the court has ruled, as a matter of law, that the confession was freely and voluntarily given and the confession is admitted into evidence, the state need not, except in its discretion, recall all the officers to again testify to the voluntariness of the confession after the defendant takes the stand and claims that the confession was obtained by coercion, etc. Ratliff v. State, 317 So.2d 403, 405 (Miss. 1975); Rhone v. State, 254 So.2d 750 (Miss. 1971).
405 So.2d at 91-92.
McNeal, supra, squarely rejects the appellant's contention that the state is required to recall all the officers at trial to rebut the appellant's testimony that the statements were given involuntarily. The trial court correctly overruled appellant's objection.

II.

WAS IT REVERSIBLE ERROR TO ALLOW TESTIMONY INTO EVIDENCE OF THE APPELLANT'S ESCAPE?
Appellant contends that evidence of his flight from custody amounted to evidence of an independent and unconnected crime from that for which he was on trial. He contends that the general rule excluding evidence that the accused committed another crime independent of and unconnected with the one for which he is on trial applies to the evidence of his escape because escape is a crime under Mississippi Code Annotated § 97-9-49 (Supp. 1983), punishable by up to five years imprisonment. However, the cases cited by appellant do not involve instances where evidence of flight was introduced; rather they concern the introduction of other crimes similar to the one for which the accused was on trial. Brown v. State, 224 Miss. 498, 80 So.2d 761 (1955) (other bad checks); Hawkins v. State, 224 Miss. 309, 80 So.2d 1 (1955) (collection of insurance in unrelated matters in prosecution for murder of insured wife); Massey v. State, 19 So.2d 476 (Miss. 1944) (other robberies).
The evidence of Lee's escape was admitted to show his conduct. In Hill v. State, 432 So.2d 427 (Miss. 1983), we held that flight is admissible on the issue of guilty knowledge. Id. at 438. In McClendon v. State, 387 So.2d 112 (Miss. 1980), cited in Hill, supra, we quoted with approval 2 Wigmore on Evidence, 3rd Ed. § 279, to the effect that "it is today universally conceded that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself."
Our cases directly addressing the admissibility of flight hold that evidence of flight as guilty conduct is admissible. Appellant's *924 second assignment of error is, therefore, without merit.

III.

WAS IT REVERSIBLE ERROR TO DENY THE APPELLANT'S MOTION FOR A VERDICT NOTWITHSTANDING THE VERDICT OR A NEW TRIAL BECAUSE THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
Appellant relies exclusively in his brief upon the contention that a reasonable doubt was raised by the alibi given by appellant's sister. He contends that the jury's rejection of the alibi defense compels the conclusion that the verdict was wholly against the weight of the evidence, and was a result of bias and prejudice on the part of the jury.
He is mistaken. The jury is under no obligation to accept an alibi defense. In Tubbs v. State, 402 So.2d 830 (Miss. 1981), this Court stated:
Tubbs' defense was an alibi and it is well established that a jury is not under a duty to accept an alibi defense, but must consider all of the testimony in determining the guilt or innocence of an accused. An alibi defense presents a question of fact to be resolved by the jury. In Spikes v. State, 302 So.2d 250 (Miss. 1974), we stated:
The jury was not required to accept this alibi. Its duty was to evaluate the testimony of the witnesses for the State and defendant, and to determine whether the evidence showed beyond a reasonable doubt that appellant was guilty. The State's evidence was contradictory of that of appellant concerning an alibi. It was a jury issue. Newton v. State, 1956, 229 Miss. 267, 90 So.2d 375. (Kelly v. State, 239 Miss. 683, 690, 124 So.2d 840, 842 (1960). (302 So.2d at 251)
Accord, Johnson v. State, 359 So.2d 1371 (Miss. 1978).
402 So.2d at 834-35.
The resolution of the conflict between the state's evidence and the appellant's alibi was a question of fact for the jury to resolve. The state's evidence was ample to support the jury verdict, and the jury is not required to accept the appellant's alibi. There is no merit to this assignment.

IV.

WAS IT REVERSIBLE ERROR TO IMPOSE A $1,000 FINE UPON THE APPELLANT WHO IS AN INDIGENT?
It is uncontradicted that appellant is a pauper, and as such could not pay the $1,000 fine. Appellant contends, therefore, that if the Department of Corrections is allowed to hold the appellant until the $1,000 fine is paid, this would constitute an unconstitutional imprisonment for debt.
Appellant cites no authority for the proposition that no fine may be imposed upon an indigent found guilty of a crime, and we hold that it is not reversible error to fine this appellant $1,000 despite his indigency.
However, we have held in Cassibry v. State, 453 So.2d 1298 (Miss. 1984), that "an indigent may not be incarcerated because he is financially unable to comply with an otherwise lawfully imposed sentence of a fine."
Therefore, if, after the appellant has completed his sentence, the Department of Corrections attempts to keep him incarcerated for failure to pay the fine, then the trial court must determine at that time whether appellant is financially unable to pay the fine and, if so, must consider and apply one of the alternatives to imprisonment set out in Mississippi Code Annotated § 99-19-20 (Supp. 1983). Cassibry v. State, supra.
While we reject appellant's contention that, as an indigent, he may not be fined upon being found guilty of a crime, we *925 caution that Cassibry v. State, supra, requires consideration of statutory alternatives to imprisonment for indigents financially unable to pay a fine.
The fine of $1,000 levied against appellant as part of his sentence is not reversible error.
The conviction and sentence are affirmed.
AFFIRMED.
WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
PATTERSON, C.J., not participating.
NOTES
[1] Viverett v. State, 269 So.2d 862 (Miss. 1972); Anderson v. State, 241 So.2d 677 (Miss. 1970); Hurst v. State, 240 So.2d 273 (Miss. 1970); Weathers v. State, 237 So.2d 441 (Miss. 1970); Stevens v. State, 228 So.2d 888 (Miss. 1969); Crouse v. State, 229 Miss. 15, 89 So.2d 919 (1956); Holmes v. State, 56 So.2d 815 (Miss. 1952); Ruffin v. State, 205 Miss. 642, 39 So.2d 269 (1949); Williams v. State, 12 So.2d 156 (Miss. 1943); Humphries v. State, 181 Miss. 325, 179 So. 561 (1938); Allen v. State, 180 Miss. 418, 177 So. 787 (1938); Wohner v. State, 175 Miss. 428, 167 So. 622 (1936); Buckler v. State, 171 Miss. 353, 157 So. 353 (1934); Smith v. State, 165 Miss. 462, 144 So. 233 (1932); Whittaker v. State, 169 Miss. 517, 142 So. 474 (1932); Tyler v. State, 159 Miss. 223, 131 So. 417 (1930); Stepney v. City of Columbia, 157 Miss. 193, 127 So. 687 (1930); Stubbs v. State, 148 Miss. 764, 114 So. 827 (1927).

These cases recognize the necessity for a preliminary hearing on the voluntariness of a confession and the rule that the weight and credibility of a confession is for the jury to determine. None, however, require the state to recall at trial all the officers who witnessed the confession to rebut an accused's assertion that the confession was not given voluntarily.