# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1998-KA-01732-SCT

*WILLIE CLARENCE McCALL a/k/a "WILLIE C"*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/30/1998 |
| TRIAL JUDGE: | HON. ROBERT H. WALKER |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TOM SUMRALL |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JOHN R. HENRY, JR. |
| DISTRICT ATTORNEY: | CONO A. CARANNA, II |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 9/14/2000 |
| MOTION FOR REHEARING FILED: | 10/9/2000; denied 12/7/2000 |
| MANDATE ISSUED: | 12/14/2000 |

### BEFORE BANKS, P.J., WALLER AND DIAZ, JJ.

### BANKS, PRESIDING JUSTICE, FOR THE COURT:

¶1. This case presents the question of whether a jury verdict convicting the defendant of capital murder while in the commission of an armed robbery was against the overwhelming weight of the evidence. Because we conclude that the verdict was supported by the substantial weight of the evidence, we affirm.

### I.

¶2. On October 26, 1996, Darlene Allen ("Allen") and her husband, William Allen ("William") were staying in the Comfort Inn in Gulfport, Mississippi. Allen testified to the events that transpired as follows:

¶3. First, they heard a loud knock on their motel room door in the early hours of the night. William looked out of the window to see the source of the noise. The door came crashing in, and two African-American male intruders entered the room. The first intruder fired two shots and pulled William from the room. Allen went to the door to aid her husband when a second intruder, later identified at trial by her as Willie Clarence McCall, put a gun to her head and told her he was going to shoot her. She looked in his face and told him to shoot. As the first intruder removed William's wallet as he lay on the ground, McCall struck Allen over the head with the gun. Allen, nonetheless, continued to scream for help and tried to protect her husband from further harm. The assailants ran off firing at Allen, but to no avail. William subsequently died of a single gunshot wound to the back.

¶4. Police investigators later found McCall in an apartment where he was given his *__Miranda__* rights and then

questioned. After admitting he was at the crime scene, he was taken back to the police station where he was again read his rights and proceeded to give two statements. Thereafter, McCall retraced with the police his movements on the night of William's death.

¶5. McCall was indicted in a two-count indictment for capital murder and aggravated assault. At trial, Allen identified McCall as the second intruder. Based upon this identification and McCall's confession, he was found guilty of count one, capital murder. McCall was found not guilty of count two, aggravated assault. At the penalty phase, the jury could not agree unanimously on punishment, and therefore, the court sentenced McCall to serve life imprisonment. McCall's motion for a new trial was denied. McCall then filed this appeal.

## II.

¶6. The sole issue raised by McCall is whether the verdict was against the overwhelming weight of the evidence. Only in cases where the verdict is so contrary to the overwhelming weight of the evidence is a decision disturbed on appeal. *Finley v. State*, 725 So.2d 226, 234 (Miss. 1998). The standard of appellate review requires the Court to consider all the evidence, not just that supporting the case for the prosecution, in the light most consistent with the verdict. *See Jackson v. State*, 580 So.2d 1217, 1219 (Miss. 1991). McCall argues the trial court erred in denying his Motion for New Trial because no physical evidence connected him to the crime scene. Therefore, he argues that the State's entire case was predicated upon a tainted courtroom identification and a coerced confession.

### A. Courtroom Identification

¶7. In support, McCall asserts that because Allen identified him almost two years later after the crime, in a courtroom where he was the only African-American man, that her identification was tantamount to a police station lineup in which a witness identifies the only black suspect. Further, arguing that Allen did not have adequate time to observe the suspect with sufficient attention and accuracy, McCall asserts that the jury failed to follow the instructions of the court with reference to the identification issue. We disagree.

¶8. The credibility of identification testimony is an issue for the jury and there is no reason for this Court to disturb its decision in this case. *Wash v. State,* 521 So.2d 890, 896 (Miss. 1988), *overruled on other grounds*, *Wharton v. State*, 734 So. 2d 985, 991 (Miss. 1998). The evidence presented at trial indicates nothing that would compel a fairminded jury to disregard Allen's identification, for: (1) when McCall told Allen that he was going to kill her, she looked straight into his face and told him to do so; (2) her testimony was firm and definite when she identified McCall as the person who struck and threatened to kill her; and (3) McCall's confession fully corroborated her testimony. With this evidence before the jury, we find no support for McCall's argument that the jury disregarded the instructions of the court.

¶9. This Court has also held that if, at trial suggestiveness is thought to be a problem, "the defendant must ordinarily take steps to avoid the problem before claiming a due process violation." *Gayten v. State*, 595 So.2d 409, 418 (Miss. 1992). Here, McCall failed to take any precautions to guard against a suggestive identification forum. Specifically, he did not request others to be seated at the counsel table with him, or request to be seated elsewhere in the courtroom among others of his race or appearance, nor did he request a pre-trial test of the identification. *Id.* McCall was also given adequate opportunity to cross-examine Allen at trial and has admitted that the jury was adequately instructed.

**B. Confession**

¶10. In attacking his confession as an evidentiary basis for the jury verdict, McCall points to trial testimony that officers used force during his arrest and coerced him into a confession. However, McCall does not challenge the admissibility of the confessions on appeal. He maintains only that the jury ignored the trial court's instruction regarding the confession. We disagree.

¶11. The trial court properly instructed the jury that unless it believed beyond a reasonable doubt that the alleged confession was truthful and made by McCall of his own freewill, not extorted by threat of harm or promise of benefit, the jury was to disregard the confession. It was for the jury to determine whether to believe the confessions put into evidence. *Lee v. State,* 457 So.2d 920, 922 (Miss. 1984). There are no grounds here to permit the conclusion that no rational juror could have believed that the confessions were coerced.

### III.

¶12. Because there is substantial evidence to support the jury's verdict, we affirm the judgment of the Harrison County Circuit Court.

¶13. **CONVICTION OF CAPITAL MURDER AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS UNDER § 99-19-101, MISS. CODE OF 1972, ANN., AS AMENDED, AFFIRMED.**

**PRATHER, C.J., PITTMAN, P.J., McRAE, SMITH, MILLS, WALLER, COBB AND DIAZ, JJ., CONCUR.**