972 So.2d 44 (2008)
Andre L. CRAWFORD, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KA-01871-COA.
Court of Appeals of Mississippi.
January 8, 2008.
*45 Leslie S. Lee, Jackson, Benjamin Allen Suber, attorneys for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before MYERS, P.J., GRIFFIS and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. Andre L. Crawford was convicted in the Circuit Court of Clay County of aggravated assault and sentenced to sixteen years in the custody of the Mississippi Department of Corrections, with four years of post-release supervision. He appeals and asserts that the indictment was defective for omitting the words "serious bodily injury," and that the verdict of the jury was not supported by sufficient evidence and was against the weight of the evidence because the victim never saw Crawford with a knife or pull a knife. Finding no reversible error, we affirm.

FACTS
¶ 2. Harold Jordan, a resident of West Point, Mississippi, was known to sell liquor at his home after hours. Jordan would sell alcohol after the stores closed to make extra money. On January 2, 2006, Crawford and his drinking buddy, Andre Rice, watched a football game together at the Crawford's sister's house. According to Rice, Crawford was in and out all evening. They both eventually left and stopped by Jordan's house seeking to obtain liquor. They asked for whiskey initially and explained that they had left their money in the car. Jordan refused to give them liquor on credit but they continued to demand free service. Jordan repeatedly refused their demands because he had already given Rice "a free beer and stuff." Angered by Jordan's refusal to give him free liquor, Crawford then resorted to violence to express his discontent. Rice, who was standing at the door, noticed that Crawford was angry. Rice stated that Crawford and Jordan exchanged words, Crawford pushed Jordan, and ran past him through the door. Rice fled behind Crawford. Jordan was left with a knife dangling in his throat. Verifying that he was indeed injured, Jordan then pulled the knife out of his neck. Jordan stated that he did not see the knife in Crawford's hand. Rice too claimed that he did not see a knife. However, Jordan, after pulling the knife out of his neck and watching his blood spew, had no doubt that Crawford stabbed him in the neck with a knife.
*46 ¶ 3. At trial, Crawford moved for a directed verdict at the close of the State's case-in-chief. His motion was denied. Crawford then raised an alibi defense by presenting three witnesses on his behalf as to his whereabouts on the evening in question. The alibi witnesses claimed that Crawford was at home with his mother on this evening in question. At the close of the evidence, the jury returned a verdict of guilty of aggravated assault. He was sentenced to sixteen years in the custody of the Mississippi Department of Corrections. Crawford's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial was overruled.
¶ 4. Crawford's trial counsel timely perfected his appeal and the Mississippi Office of Indigent Appeals undertook representation. Counsel for Crawford represented to the Court, pursuant to Lindsey v. State, 939 So.2d 743 (Miss.2005), that he had diligently searched the procedural and factual history of this record and found no arguable issue for appellate review. However, Crawford has raised several issues in a pro se capacity. He argues that his indictment was fatally defective for omission of the words "serious bodily injury" which he argues is an essential element of the offense of aggravated assault. Crawford also challenges the sufficiency and weight of the evidence.

DISCUSSION
¶ 5. With respect to the first issue, Crawford contends that the indictment was defective because it failed to allege serious bodily injury. In charging the offense of aggravated assault in violation of Mississippi Code Annotated section 97-3-7, the indictment against Crawford provides the following:
[L]ate of the county aforesaid, on or about the 3rd day of January 2006, in the County aforesaid, did unlawfully, wilfully, feloniously, purposely and knowingly cause bodily injury to Harold Jordan, a human being, with a deadly weapon, to wit: a knife, by cutting the throat of the said Harold Jordan with the said knife, without authority of law and not in necessary self defense, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.
¶ 6. We find no error in the omission of the words "serious bodily injury" from the indictment where, as here, the injury is inflicted with a deadly weapon. Miss.Code Ann. § 97-3-7(2)(b)(Rev.2006); see Jackson v. State, 594 So.2d 20, 24 (Miss.1992); Anthony v. State, 349 So.2d 1066, 1067 (Miss.1977).
¶ 7. With respect to the challenge of the sufficiency of the evidence, Crawford relies on his alibi defense. This was an issue of fact to be resolved by the jury. Gray v. State, 549 So.2d 1316, 1319 (Miss. 1989). The jury was under no obligation to accept his defense. Lee v. State, 457 So.2d 920, 924 (Miss.1984). In reviewing challenges to the sufficiency of evidence, this Court considers all of the evidence in the light most favorable to the State and gives the State the benefit of all favorable inferences that may be drawn from the evidence. Seeling v. State, 844 So.2d 439, 443(¶ 8) (Miss.2003); Jefferson v. State, 818 So.2d 1099, 1111(¶ 30) (Miss.2002). This Court is "not at liberty to direct that the defendant be discharged short of a conclusion on our part that given the evidence, taken in the light most favorable to the verdict, no reasonable, hypothetical juror could find beyond a reasonable doubt the defendant was guilty." Ashford v. State, 583 So.2d 1279, 1281 (Miss.1991) (quoting Fairchild v. State, 459 So.2d 793, 798 (Miss.1984)).
*47 ¶ 8. The issue we are faced with addresses whether, given the evidence contained in the record, no reasonable juror could find Crawford guilty of aggravated assault beyond a reasonable doubt. Mississippi Code Annotated section 97-3-7(2)(b) (Rev.2006) directs that an individual is guilty of aggravated assault if he "attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm[.]" The evidence in this case, when viewed in the light most favorable to the State, more than satisfies our standard of review. The testimony that Jordan did not see the knife being projected at him is of no consequence to this issue. The evidence of a dangling knife was left for all to see immediately after an angry Crawford lunged at Jordan. This altercation was motivated by Jordan's refusal to give him free liquor.
¶ 9. With respect to the challenge to the weight of the evidence, our standard of review is as follows:
In determining whether a jury verdict is against the overwhelming weight of the evidence this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal. As such, if the verdict is against the overwhelming weight of the evidence, then a new trial is proper.
Baker v. State, 802 So.2d 77, 81(¶ 14) (Miss.2001) (quoting Dudley v. State, 719 So.2d 180, 182 (¶ 8) (Miss.1998)).
¶ 10. Applying this standard of review to the facts before the Court, we cannot say that allowing the verdict to stand would amount to an unconscionable injustice. Evidence was presented to the jury that Crawford was angry because Jordan refused to provide him with free liquor and that Crawford lunged at and pushed Jordan, who was left with a knife dangling in his neck. Notwithstanding the fact that neither Jordan nor Rice saw the knife thrust into his neck, ample evidence was presented to the jury to support a finding that Crawford stabbed Jordan with a knife.
¶ 11. The jury was instructed as to Crawford's alibi defense and resolved the issue against him. The jury simply did not believe that Crawford was at home with his mother that evening. "[T]his court is bound by the jury findings upon an issue presented by the instruction requested by [the] appellant." Kinney v. State, 336 So.2d 493, 496 (Miss.1976). Therefore, this issue is without merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF SIXTEEN YEARS WITH FOUR YEARS OF POST-RELEASE SUPERVISION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.